IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 4, 2020 Session

## MINDY DONOVAN V. JOSHUA R. HASTINGS

**Appeal from the Chancery Court for Davidson County**
**No. 18-0568-I      Patricia Head Moskal, Chancellor**

_____

### No. M2019-01396-COA-R3-CV

_____

The trial court dismissed a contractor's amended countercomplaint against a homeowner for failure to state a claim upon which relief could be granted. The court then awarded the homeowner her attorney fees in the amount of $3,600 pursuant to Tenn. Code Ann. § 20-12-119(c). The homeowner appealed arguing that, in limiting her recovery to $3,600, the trial court interpreted the statute too narrowly. Because the trial court properly interpreted the statute, we affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., joined, and W. NEAL MCBRAYER, J., filed a separate opinion.

Benjamin Micah Rose, Brentwood, Tennessee, for the appellant, Mindy Donovan.

Jeffrey Spark, Nashville, Tennessee, for the appellee, Joshua R. Hastings.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

This case involves a residential construction contract between Mindy Donovan, a homeowner, and Joshua R. Hastings, a contractor. In late 2017, the parties entered into a contract whereby Mr. Hastings agreed to construct an addition to and renovate portions of Ms. Donovan's home for approximately $176,300. Ms. Donovan filed a complaint against Mr. Hastings on May 24, 2018, asserting claims for breach of contract, unjust enrichment, and violations of the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code Ann. §§ 47-18-101—132. On July 18, 2018, Mr. Hastings filed an answer and countercomplaint asserting a claim for breach of contract. He filed an amended answer and countercomplaint

on March 29, 2019, re-asserting the breach of contract claim but amending the relief sought.

On April 15, 2019, Mr. Hastings filed a motion for partial summary judgment arguing that the TCPA claims should be dismissed as a matter of law because they did not apply to him as a residential contractor. Ms. Donovan did not file a response to the motion. Instead, she filed a motion to voluntarily dismiss her TCPA claims without prejudice. After concluding that a proper set of circumstances existed to permit a voluntary dismissal despite the pending summary judgment motion, the trial court granted Ms. Donovan's motion and entered an order dismissing her TCPA claims without prejudice.

On May 1, 2019, Ms. Donovan filed a motion to dismiss the amended countercomplaint pursuant to Tennessee Rule of Civil Procedure 12.02(6), arguing that the contract was unenforceable due to a lack of mutuality of consideration created by a unilateral termination provision in the parties' contract favoring Mr. Hastings. She requested an award of her attorney fees pursuant to Tenn. Code Ann. § 20-12-119(c).

The trial court heard the motion to dismiss on May 17, 2019. In an order entered on May 24, 2019, the trial court concluded that "the unilateral termination provision rendered the contract unenforceable for lack of mutuality and that the termination provision was not severable." Based on this conclusion, the court granted Ms. Donovan's motion and dismissed Mr. Hastings's breach of contract claim. The order did not address Ms. Donovan's request for attorney fees. Because all other claims had already been either dismissed with prejudice or voluntarily dismissed without prejudice, the trial court deemed the May 24, 2019 order to be a final judgment under Tenn. R. Civ. P. 58. Neither party appealed the order, nor did they file any post-judgment motions.

On July 5, 2019, Ms. Donovan filed a motion pursuant to Tenn. Code Ann. § 20-12-119(c) seeking an award of $10,000 for her costs and attorney fees incurred prosecuting the motion to dismiss. The trial court heard the motion on July 19, 2019, and entered an order on July 29, 2019, awarding Ms. Donovan only $3,600 in attorney fees for the motion to dismiss. The court concluded that, although Tenn. Code Ann. § 20-12-119(c) mandated that Ms. Donovan be awarded her costs and attorney fees up to $10,000, her recovery should be limited to only those fees incurred due to her motion to dismiss the amended countercomplaint. Examining the itemized list of fees filed by Ms. Donovan, the trial court found that the hourly rate charged by her attorneys was reasonable but that the total amount of the fees requested was unreasonable and required adjustment in light of the limitation placed on Ms. Donovan's recovery. Thus, the court excluded all requested fees that were incurred prior to March 29, 2019 (the date Mr. Hastings filed the amended countercomplaint). The court also found that the following requested fees should be excluded: (1) fees related to the motion to amend the countercomplaint because they were "unrelated to the motion to dismiss," (2) "duplicate time entries for two attorneys to perform the same work on the motion to dismiss" because they were unnecessary and

- 2 -

unreasonable "in light of the single narrow legal issue presented and the relative dollar amount at issue," (3) "aggregate travel and time spent arguing motions on May 17, 2019, which was the date on which multiple motions were heard (including the Motion to Dismiss), for failure to allocate the actual time spent solely on the Motion to Dismiss," and (4) "the court reporter fee requested for March 22, 2019" which was unrelated to the motion to dismiss.

Ms. Donovan appealed and raises the following issue for our review: whether the trial court erred in limiting her recovery of attorney fees to $3,600. Mr. Hastings raises the following additional issues: (1) whether the trial court erred in awarding Ms. Donovan any attorney fees pursuant to Tenn. Code Ann. § 20-12-119, (2) whether the trial court abused its discretion in allowing Ms. Donovan to voluntarily dismiss the TCPA claims that were the subject of Mr. Hastings's motion for partial summary judgment, (3) whether the trial court erred in failing to award Mr. Hasting his reasonable attorney fees related to his second motion to compel, and (4) whether the trial court erred in failing to award Mr. Hastings his reasonable attorney fees related to his fourth motion to compel.

STANDARD OF REVIEW

A trial court's determination regarding the reasonableness of attorney fees is "'a subjective judgment based on evidence and the experience of the trier of facts,' and Tennessee has 'no fixed mathematical rule' for determining what a reasonable fee is." *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011) (quoting *United Med. Corp. of Tenn., Inc. v. Hohenwald Bank & Trust Co.*, 703 S.W.2d 133, 137 (Tenn. 1986); *Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002)). Therefore, a trial court's "determination of reasonable attorney's fees and costs is necessarily a discretionary inquiry," and we will defer to the trial court's decision absent an abuse of discretion. *Killingsworth*, 104 S.W.3d at 534. An abuse of discretion occurs if a trial court "'applie[s] incorrect legal standards, reache[s] an illegal conclusion, base[s] its decision on a clearly erroneous assessment of the evidence, or employ[s] reasoning that causes an injustice to the complaining party.'" *Wright*, 337 S.W.3d at 176 (quoting *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008)). Under the abuse of discretion standard, an appellate court may not "substitute its judgment for that of the trial court." *Id.*

When a trial court awards attorney fees pursuant to Tenn. Code Ann. § 20-12-119(c), an appellate court reviews

the trial court's factual determination of whether litigation costs, including attorney's fees, are reasonable under an abuse of discretion standard. . . . However, apart from these specific factual determinations, the standard of review for the award of litigation costs pursuant to Tennessee Code

- 3 -

Annotated § 20-12-119(c) is a matter of law due to the mandatory language of the statute.

*Snyder v. First Tenn. Bank, N.A.*, No. E2015-00530-COA-R3-CV, 2016 WL 423806, at *8 (Tenn. Ct. App. Feb. 3, 2016). We review questions of law de novo without a presumption of correctness. *Id.*

ANALYSIS

I. <u>Award of fees under Tenn. Code Ann. § 20-12-119(c)</u>.

Before considering the issue raised by Ms. Donovan, we will address Mr. Hastings's argument that the trial court should not have awarded Ms. Donovan any attorney fees pursuant to Tenn. Code Ann. § 20-12-119(c). He contends that, under Tenn. Code Ann. § 20-12-119(c), Ms. Donovan was required to file her motion for attorney fees at the time the motion to dismiss was granted because the May 24, 2019 order was a final order. Because Ms. Donovan did not provide an affidavit in support of her fees make any argument regarding attorney fees at the time the trial court granted her motion to dismiss, Mr. Hastings argues, she waived her right to any fees under Tenn. Code Ann. § 20-12-119(c).

This issue requires us to construe Tenn. Code Ann. § 20-12-119(c). When construing statutes, our primary objective "is to ascertain and give effect to the intention or purpose of the legislature as expressed in the statute," *In re Adoption of A.M.H.*, 215 S.W.3d 793, 808 (Tenn. 2007), "'without unduly restricting or expanding'" the coverage of the statute beyond its intended scope, *Sallee v. Barrett*, 171 S.W.3d 822, 828 (Tenn. 2005) (quoting *Houghton v. Aramark Educ. Res., Inc.*, 90 S.W.3d 676, 678 (Tenn. 2002)). To achieve this objective, we look to the plain and ordinary meaning of the language in the statute. *Id.* We must construe the words used "in the context in which they appear in the statute and in light of the statute's general purpose." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010). If a statute's language is clear and unambiguous, we "need not look beyond the statute itself to ascertain its meaning." *Id.* at 527. When the language is ambiguous, we must review the statute in its entirety and consider additional extrinsic sources to determine legislative intent. *Sallee*, 171 S.W.3d at 828; *Lee Med., Inc.*, 312 S.W.3d at 527. An ambiguity exists "when a statute is capable of conveying more than one meaning." *Najo Equip. Leasing, LLC v. Comm'r of Revenue*, 477 S.W.3d 763, 768 (Tenn. Ct. App. 2015).

Tennessee Code Annotated section 20-12-119(c) states, in pertinent part, as follows:

(1) Notwithstanding subsection (a) or (b), in a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be

- 4 -

granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees incurred in the proceedings as a consequence of the dismissed claims by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

(2) Costs shall include all reasonable and necessary litigation costs actually incurred due to the proceedings that resulted from the filing of the dismissed claims, including, but not limited to:

(A) Court costs;
(B) Attorneys' fees;
(C) Court reporter fees;
(D) Interpreter fees; and
(E) Guardian ad litem fees.

(3) An award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss. The award of costs and attorneys' fees pursuant to this section shall be stayed until a final decision which is not subject to appeal is rendered.

(4) Notwithstanding any other provision of this section, the court shall not require a party to pay costs under this section in excess of a combined total of ten thousand dollars ($10,000) in any single lawsuit. . . . Nothing in this section shall be construed to limit the award of costs as provided for in other sections of the code or at common law.

Subsection (c)(3) mandates that an award of attorney fees and costs "be stayed *until a final decision which is not subject to appeal is rendered*." Tenn. Code Ann. § 20-12-119 (emphasis added); *see also Snyder*, 2016 WL 423806, at *8 (stating that the use of "shall" in the statute "dictates that we construe such statutory requirements as mandatory"). Thus, Tenn. Code Ann. § 20-12-119(c) clearly and unambiguously requires that there be an unappealable final decision before a trial court can award attorney fees pursuant to the statute. Here, the May 24, 2019 order resolved all of the parties' remaining claims. Neither party appealed the order, and neither party filed a post-judgment motion. The order, therefore, became a final and unappealable order on June 23, 2019. *See* TENN. R. APP. 4(a) (requiring a notice of appeal to be filed within thirty days following the entry of a final order); *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009) (stating that a final judgment "is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate"). Two weeks after the order became final, Ms. Donovan filed her motion for attorney fees pursuant to Tenn. Code Ann. § 20-12-119(c). Because an award of

attorney fees was stayed until June 23, 2019, Ms. Donovan did not file her motion too late to entitle her to an award of those fees under the statute.

Mr. Hastings also argues that the trial court should not have awarded Ms. Donovan attorney fees under the statute because she filed her motion to dismiss more than sixty days after service of the original countercomplaint. He relies on Tenn. Code Ann. § 20-12-119(c)(5)(B), which provides that the statute does not apply to "[a]ny claim that is dismissed by the granting of a motion to dismiss that was filed more than sixty (60) days after the moving party received service of the latest complaint, counter-complaint or cross-complaint in which that dismissed claim was made." Mr. Hastings's reliance on this exception to the statute is misplaced. He correctly points out that he first asserted a breach of contract claim in his original countercomplaint filed on July 18, 2018. He re-asserted the breach of contract claim, however, in his amended countercomplaint filed on March 29, 2019. Thus, the amended countercomplaint was the latest countercomplaint in which the breach of contract claim was made. Ms. Donovan filed her motion to dismiss the amended countercomplaint on May 1, 2019, which was within sixty days of the time she was served with the amended countercomplaint. The exception set forth in Tenn. Code Ann. § 20-12-119(c)(5)(B), therefore, does not apply to the facts of this case.

In light of the foregoing, we conclude that the trial court did not err in awarding Ms. Donovan attorney fees pursuant to Tenn. Code Ann. § 20-12-119(c).

II. Excluded costs and fees.

A. Fees incurred prior to the filing of the amended countercomplaint.

We will now turn to the issue raised by Ms. Donovan concerning whether the trial court erred in limiting her recovery of attorney fees to $3,600. In its July 29, 2019 order, the trial court excluded all of Ms. Donovan's requested fees that were incurred prior to March 29, 2019. The court determined that she could not recover these fees under the statute because they were "not related to the motion to dismiss, as they were incurred prior to the date on which the Amended Counter-Complaint was filed (March 29, 2019)." Ms. Donovan contends that the trial court interpreted the statute too narrowly in finding that all requested fees incurred prior to March 29 should be excluded. According to Ms. Donovan, several of the excluded fees involved research and analysis of the breach of contract claim and were incorporated into her motion to dismiss. Thus, she asserts, those fees are recoverable under the statute because they were incurred during the proceedings as a result of the dismissed breach of contract claim.

This issue requires us once again to interpret Tenn. Code Ann. § 20-12-119(c). Looking to the plain language of the statute, it does not expressly state that the costs and attorney fees must be related to the motion to dismiss to be recoverable. Rather, the statute mandates that, when granting a Tenn. R. Civ. P. 12.02(6) motion to dismiss, a court "shall

- 6 -

award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees *incurred in the proceedings as a consequence of the dismissed claims by that party or parties.*" Tenn. Code Ann. § 20-12-119(c)(1) (emphasis added). The statute does not define the term "proceedings," but the word's meaning becomes clear when we consider the statute in its entirety. Subsection (c)(2) provides that "[c]osts shall include all reasonable and necessary litigation costs actually incurred due to the proceedings *that resulted from the filing of the dismissed claims.*" Tenn. Code Ann. § 20-12-119(c)(2) (emphasis added). Reading (c)(1) and (c)(2) together, we conclude that "proceedings" means all acts and events that occur as a result of the dismissed claim(s) from the date the dismissed claim(s) is filed.[1] Thus, we conclude that, when a trial court grants a motion to dismiss pursuant to Rule 12.02(6), Tenn. Code Ann. § 20-12-119(c) requires the trial court to award the party or parties against whom the dismissed claims were pending at the time the motion to dismiss was granted the costs and reasonable and necessary attorney fees incurred by the party due to the dismissed claims from the date those claims were filed.

In the present case, the amended countercomplaint included the same breach of contract claim alleged in the original countercomplaint. Upon its filing, the amended countercomplaint was "complete in itself" and "supersede[d] and destroy[ed] the original as a pleading." *McBurney v. Aldrich*, 816 S.W.2d 30, 33 (Tenn. Ct. App. 1991); *see also H.G. Hill Realty Co., L.L.C. v Re/Max Carriage House, Inc.*, 428 S.W.3d 23, 35 (Tenn. Ct. App. 2013). Thus, when the trial court considered whether to dismiss the breach of contract claim, it did so based on the amended countercomplaint without consideration of the initial countercomplaint. *See McBurney*, 816 S.W.2d at 33. Because the trial court dismissed the breach of contract claim in the amended countercomplaint, Ms. Donovan was entitled to an award of the reasonable attorney fees she incurred as a result of the breach of contract claim from the date the amended countercomplaint was filed. Mr. Hastings filed his amended countercomplaint for breach of contract on March 29, 2019. We, therefore, conclude that the trial court properly excluded the requested attorney fees that were incurred prior to March 29, 2019.[2]

---

[1] We note that *Black's Law Dictionary* similarly defines the term "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." BLACK'S LAW DICTIONARY (11th ed. 2019).

[2] The trial court also excluded requested fees that were incurred on March 29, 2019, because they related to Mr. Hastings's motion to amend his countercomplaint which was filed on February 1, 2019. Although Ms. Donovan incurred these fees on the date the amended counter-complaint was filed, they resulted from the filing of the motion to amend the countercomplaint, not the filing of the amended countercomplaint. Thus, we conclude that the trial court properly excluded these requested fees.

B.  Fees incurred after the filing of the amended countercomplaint.

Ms. Donovan next asserts that the trial court interpreted Tenn. Code Ann. § 20-12-119(c) too narrowly in excluding several requested fees that she incurred after March 29, 2019.  Specifically, she contends that the trial court erred in excluding fees related to work her two attorneys performed on the same motion to dismiss and fees incurred for appearing at the hearing on the motion to dismiss.

1.  Duplicative fees.

Ms. Donovan first asserts that the trial court interpreted the statute too narrowly in excluding fees for both of her attorneys' work on the same motion to dismiss.  Contrary to her assertion, the trial court did not exclude these fees because they were not recoverable under Tenn. Code Ann. § 20-12-119(c).  Rather, the trial court concluded that the fees should be excluded because they were duplicative and, as such, were "unnecessary and unreasonable."  As discussed above, a decision regarding the reasonableness of attorney fees is a discretionary decision, and we defer to a trial court's reasonableness determination absent an abuse of discretion.  *Killingsworth*, 104 S.W.3d at 534.

When determining whether attorney fees are reasonable, a trial court must consider the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
> (8) whether the fee is fixed or contingent;
> (9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
> (10) whether the fee agreement is in writing.

TENN. SUP. CT. R. 8, RPC 1.5(a); *see Coleman v. Coleman*, No. W2012-02183-COA-R3-CV, 2013 WL 5308013, at *13-14 (Tenn. Ct. App. Sept. 19, 2013).  These factors are non-exclusive and "each factor may not be relevant in every case."  *Wright*, 337 S.W.3d at 177 n.17.

In its July 29, 2019 order, the trial court stated that it "ha[d] carefully reviewed the affidavit of counsel with the attached time entries under the standards set forth in Tenn. Sup. Ct. Rule 8, RPC 1.5." After considering the relevant factors, the court concluded that the "duplicate time entries for two attorneys to perform the same work on the motion to dismiss" should be excluded because they were "unnecessary and unreasonable in light of the single, narrow legal issue presented and the relative dollar amount at issue on the dismissed breach of contract claim." Implicit in the order is that the trial court based its determination on factors (1) and (4). *See* Tenn. Sup. Ct. R. 8, RPC 1.5(a). The record supports the court's conclusion. The dismissed claim involved a single legal issue: a unilateral contract provision. The law on this issue is neither novel nor complex. Furthermore, Ms. Donovan's request for $10,000 in attorney fees related to this single, straight-forward issue is almost half of the $26,000 in damages Mr. Hastings sought in his dismissed claim.[3] We conclude that the trial court did not abuse its discretion in excluding the duplicate fees.

### 2. Fees for the motion to dismiss hearing.

Next, Ms. Donovan argues that the trial court interpreted Tenn. Code Ann. § 20-12-119(c) too narrowly in excluding requested fees for travel and time spent arguing the motion to dismiss on May 17, 2019. Examination of the July 29, 2019 order shows that the trial court did not exclude these fees because it concluded that they were not recoverable under the statute. Instead, the trial court excluded these fees because the motion to dismiss was not the only motion the parties argued on May 17 and Ms. Donovan "fail[ed] to allocate the actual time spent solely on the Motion to Dismiss." Ms. Donovan does not dispute that the motion to dismiss was not the only motion argued on May 17 or that she failed to specify how much of the requested fees were for time spent only on the motion to dismiss. Rather, she contends that, despite this deficiency, the trial court should not have excluded all of the requested fees for that day because the motion to dismiss "was much more complex" than the other motion. Thus, she argues, the trial court should have simply reduced the requested fees for time spent on May 17 by fifty percent. We respectfully disagree.

A party seeking an award of attorney fees bears the burden of proving that the requested fees are reasonable. *See Wright v. Wright*, No. M2007-00378-COA-R3-CV, 2007 WL 4340871, at *5 (Tenn. Ct. App. Dec. 12, 2007). As this Court has explained:

---

[3] Ms. Donovan argues that the trial court should have concluded that it was reasonable to award $10,000 in attorney fees because the amount involved was, in fact, $72,800 due to a late fee charge of $46,800. She relies on the following provision from the parties' contract: "If any payment is not received on the first of the month or upon completion, there will be a 10% late charge with the late charges accruing every 30 days until payment is received." Without knowing whether Mr. Hastings had any damages and the amount of those damages, the trial court could not calculate any late charge. Thus, at the motion to dismiss stage, including the interest as part of the damages amount would be speculative. This argument is without merit.

"[The party seeking attorney's fees] has the burden to make out a prima facie claim for his request for reasonable attorney's fees. Ordinarily, the party requesting attorney's fees carries this burden by presenting the affidavit of the lawyer who performed the work. Parties opposing a request for attorney's fees should be afforded a fair opportunity to cross-examine the requesting party's lawyer or to present proof of its own."

*Wright*, 2007 WL 4340871, at *5 (quoting *Hosier v. Crye-Leike Commercial, Inc.*, No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *6 (Tenn. Ct App. July 17, 2001) (citations omitted). Of course, with or without a prima facie showing of reasonableness, "'[a] trial court may judge the value of the fees by having participated in the proceedings before it.'" *Wiser v. Wiser*, No. M2013-02510-COA-R3-CV, 2015 WL 1955367, at *10 (Tenn. Ct. App. Apr. 30, 2015) (quoting *Chaffin v. Ellis*, 211 S.W.3d 264, 291 (Tenn. Ct. App. 2006)). A decision to award attorney fees absent a prima facie showing of reasonableness is within the discretion of the trial court. *See Chaffin*, 211 S.W.3d at 291 (stating that a "deficiency in the proof for lack of adequate description of the services provided, standing alone, is not an adequate basis on which to find that a trial court abused its discretion in awarding the fees claimed"). A trial court's own knowledge of the case and its general knowledge of legal fees, however, "cannot relieve the party seeking attorney's fees of its burden of proof, nor can it relieve the trial court of its obligation to separately consider all of the RPC 1.5(a) factors." *Wright*, 2007 WL 4340871, at *5.

Here, Ms. Donovan had the burden to prove that the requested fees were reasonable. She did not delineate for the trial court the amount of fees incurred for the hearing on the motion to dismiss and, as a result, failed to meet her burden of proof. The trial court then declined to value those fees absent the requisite proof, which was within its discretion to do. We, therefore, conclude that the trial court did not abuse its discretion in excluding the requested fees related to the hearing on the motion to dismiss.

III. Voluntary dismissal and attorney fees for motions to compel.

We will now turn to the remaining issues raised by Mr. Hastings. He asserts that the trial court abused its discretion in allowing Ms. Donovan to voluntarily dismiss the TCPA claims she asserted against Mr. Hastings because those claims were the subject of his pending motion for partial summary judgment and that the court erred in failing to award him his attorney fees incurred prosecuting two motions to compel discovery. These issues pertain to the claims asserted in the complaint and amended countercomplaint. As previously discussed, the May 24, 2019 order granting the motion to dismiss constituted a final order because it resolved all of the parties' remaining issues relating to the complaint and amended countercomplaint. Mr. Hastings had thirty days after the order was entered to file a notice of appeal. *See* TENN. R. APP. P. 4(a). "'The notice of appeal requirement is jurisdictional and mandatory in all civil cases,' and if it is not filed in accordance with the requirements of Tennessee Rule of Appellate Procedure 4, 'an appellate court is without

jurisdiction to hear the issues raised on the defective appeal.'" *Rollick v. Citizens Bank of Blount Cnty.*, No. E2016-01444-COA-R3-CV, 2017 WL 3106852, at *2 (Tenn. Ct. App. July 21, 2017) (quoting *Hutcheson v. Barth*, 178 S.W.3d 731, 733 (Tenn. Ct. App. 2005)); *see also Searle v. Pfister*, No. M2000-00731-COA-R3-CV, 2000 WL 1862841, at *3 (Tenn. Ct. App. Dec. 21, 2000) ("an appellant's failure to file the notice of appeal with the trial court within thirty days of the entry of a final judgment deprives this court of jurisdiction in the matter appealed from"). On June 23, 2019, when Mr. Hastings failed to file a notice of appeal within thirty days, the May 24, 2019 order became unappealable. Thus, because Mr. Hastings failed to timely appeal the May 24, 2019 order, his remaining issues are not subject to our review.

CONCLUSION

The judgment of the trial court is affirmed with costs of this appeal taxed equally against the appellant, Mindy Donovan, and the appellee, Joshua R. Hastings, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE