FILED
06/27/2022
Clerk of the
Appellate Courts

# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
December 1, 2021 Session Heard at Columbia[1]

## MINDY DONOVAN v. JOSHUA R. HASTINGS

### Appeal by Permission from the Court of Appeals
### Chancery Court for Davidson County
**No. 18-0568-I      Patricia Head Moskal, Chancellor**

_____

### No. M2019-01396-SC-R11-CV

_____

We granted permission to appeal in this case to consider awards of attorney fees and costs after dismissal of a claim pursuant to Tennessee Code Annotated § 20-12-119(c). The plaintiff homeowner entered into a contract with the defendant contractor. The homeowner sued the contractor, and the contractor filed a countercomplaint alleging breach of contract. After his motion to amend was granted, the contractor filed an amended countercomplaint asserting the same breach of contract claim with revised damages. The trial court later granted the homeowner's motion to dismiss the countercomplaint for failure to state a claim. The homeowner then sought attorney fees and costs pursuant to Tennessee Code Annotated § 20-12-119(c). The trial court granted the motion but excluded fees and costs incurred prior to the date the amended countercomplaint was filed. After the homeowner appealed the amount of attorney fees awarded, a split panel of the Court of Appeals affirmed. On appeal, we hold that the trial court and the Court of Appeals erred in holding that the homeowner's award of attorney fees and costs under Tennessee Code Annotated § 20-12-119(c) was limited to those incurred after the date the amended countercomplaint was filed. We reverse the Court of Appeals, vacate the trial court's award, and remand to the trial court for reconsideration of the award of reasonable attorney fees and costs.

---

[1] We heard oral argument in this case in Columbia, Tennessee, as part of this Court's S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Reversed; Case Remanded to the Trial Court**

HOLLY KIRBY, J., delivered the opinion of the court, in which ROGER A. PAGE, C.J., and SHARON G. LEE and JEFFREY S. BIVINS, JJ., joined.

Ben M. Rose, Brentwood, Tennessee, for the appellant, Mindy Donovan.

Jeffrey Spark, Nashville, Tennessee, for the appellee, Joshua R. Hastings.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

In 2017, Plaintiff/Appellant homeowner Mindy Donovan hired Defendant/Appellee contractor Joshua Hastings to construct an addition to and renovate parts of her Nashville home.[2] The parties entered into a residential construction contract in which Ms. Donovan agreed to pay Mr. Hastings approximately $176,300 to complete the project.

Ms. Donovan paid Mr. Hastings $130,000 toward the total due but was unhappy with the quality of the work. After several attempts to correct the problems, Ms. Donovan remained dissatisfied. In May 2018, she filed a complaint against Mr. Hastings in the Davidson County Chancery Court. The complaint alleged breach of contract, unjust enrichment, fraud, conversion, negligence, and violation of the Tennessee Consumer Protection Act.

On July 18, 2018, Mr. Hastings filed his answer. He also filed a countercomplaint asserting his own breach of contract claim and seeking anticipated profits of approximately $40,000.

On February 1, 2019, Mr. Hastings filed a motion to amend his countercomplaint. The trial court granted the motion, and on March 29, 2019, Mr. Hastings filed his amended countercomplaint. The amended countercomplaint asserted the same breach of contract claim but revised the amount of damages sought.

In May 2019, Ms. Donovan filed a motion to dismiss Mr. Hastings's amended countercomplaint, containing his claim for breach of contract, for failure to state a claim

---

[2] In this appeal, we are reviewing the trial court's resolution of a motion to dismiss, so we "recite the facts as alleged in the complaint, presuming them to be true and giving the plaintiff the benefit of all reasonable inferences." *Lemon v. Williamson Cnty. Schs.*, 618 S.W.3d 1, 8 (Tenn. 2021) (citing *Webb v. Nashville Area Habitat for Human., Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)).

pursuant to Tennessee Rule of Civil Procedure 12.02(6).[3]  The motion maintained that Ms. Donovan could not be held liable for breach of the contract because it lacked mutuality of consideration and thus was unenforceable.[4]

After a hearing, the trial court agreed with Ms. Donovan and dismissed Mr. Hastings's countercomplaint.  By then all of Ms. Donovan's claims against Mr. Hastings had been dismissed, so the trial court made its order a final, appealable judgment.  The order did not address Ms. Donovan's request for attorney fees and costs in connection with the dismissal of the countercomplaint.

Once the order dismissing Mr. Hastings's countercomplaint was certified as final and the time for Mr. Hastings to appeal had elapsed,[5] Ms. Donovan filed a motion for costs and attorney fees incurred in connection with her motion to dismiss pursuant to Tennessee Code Annotated § 20-12-119(c).[6]  In her motion, she requested the statutory maximum of $10,000.[7]  In support, Ms. Donovan submitted an itemized list of legal services with relevant time entries dating back to February 1, 2019, the date Mr. Hastings filed his motion to amend the countercomplaint.[8]  In opposition, Mr. Hastings argued that many of the expenses Ms. Donovan claimed were neither reasonable nor necessary.

On July 29, 2019, the trial court filed an order granting Ms. Donovan's motion.  The trial court excluded or reduced some of the attorney time entries and costs based on the

---

[3] During that same time period, Ms. Donovan's remaining claims were dismissed.  Ms. Donovan's claims against Mr. Hastings are not at issue in this appeal.

[4] Ms. Donovan argued that the contract was unenforceable based on a unilateral termination provision in favor of Mr. Hastings.

[5] Neither party filed a post-judgment motion.

[6] The statute provides:

An award of costs pursuant to this subsection (c) shall be made only after all appeals of the issue of the granting of the motion to dismiss have been exhausted and if the final outcome is the granting of the motion to dismiss.  The award of costs and attorneys' fees pursuant to this section shall be stayed until a final decision which is not subject to appeal is rendered.

Tenn. Code Ann. § 20-12-119(c)(3).

[7] Tennessee Code Annotated § 20-12-119(c)(4) provides in relevant part: "Notwithstanding any other provision of this section, the court shall not require a party to pay costs under this section in excess of a combined total of ten thousand dollars ($10,000) in any single lawsuit."

[8] On appeal, Ms. Donovan only seeks fees incurred after February 1, 2019.

factors articulated in Tennessee Rule of Professional Conduct 1.5,[9] finding that some of the time entries were duplicates for two attorneys to perform the same work or were otherwise unreasonable "in light of the single, narrow legal issue presented and the relative dollar amount at issue." It excluded some costs and time entries it deemed "not related to the motion to dismiss, as they were incurred prior to the date on which the Amended Countercomplaint was filed (March 29, 2019)." In light of all of these considerations, the order granting Ms. Donovan's motion awarded attorney fees in the reduced amount of $3,600.[10]

---

[9] That rule provides, in relevant part:

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, RPC 1.5(a).

[10] The order appears to grant Ms. Donovan only attorney fees and no costs, although it is not completely clear.

Ms. Donovan appealed to the Court of Appeals.[11] *Donovan v. Hastings*, No. M2019-01396-COA-R3-CV, 2020 WL 6390134 (Tenn. Ct. App. Oct. 30, 2020), *perm. app. granted*, (Tenn. Apr. 7, 2021). She argued that the trial court erred in reducing the fees and costs from the amount she requested. In particular, Ms. Donovan contended that the trial court erroneously excluded all requested fees and costs incurred prior to March 29, 2019 because several of the time entries before that date involved research and analysis of the breach of contract claim, were incorporated into her motion to dismiss, and thus were recoverable because they were incurred as a consequence of the dismissed breach of contract claim. *Id.* at \*4. For that reason, she contended that the trial court erred in limiting her recovery to only $3,600.

A split panel of the Court of Appeals affirmed the trial court's assessment of attorney fees and costs. All members of the panel found that the trial court did not abuse its discretion in excluding some costs and attorney time entries because they were duplicates or otherwise unreasonable. The panel split, however, on the trial court's interpretation of Tennessee Code Annotated § 20-12-119(c).

The majority held that, because the breach of contract claim actually dismissed by the trial court was contained in the amended countercomplaint, the trial court was correct to exclude all fees and costs incurred prior to the filing of the amended countercomplaint. *Id.* at \*5. Judge Neal McBrayer dissented in part; he would have held that since the original complaint included the same breach of contract claim that was ultimately dismissed, fees and costs incurred prior to the filing of the amended countercomplaint were also recoverable. *Id.* at \*7 (McBrayer, J., concurring in part and dissenting in part).

We granted Ms. Donovan's request for permission to appeal to this Court.

**ANALYSIS**

Tennessee common law as to attorney fees aligns with the "American rule," under which "a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (citing *Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005); *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998)).

---

[11] Mr. Hastings also raised issues to the Court of Appeals, but he does not raise any of those issues in this appeal.

This appeal requires us to interpret one such exception. The relevant facts are undisputed, and the issues involve only statutory interpretation.[12] This Court has explained:

> The cardinal rule of statutory construction is to effectuate legislative intent, with all rules of construction being aid[s] to that end. We examine the language of the statute, its subject matter, the object and reach of the statute, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment. We must seek a reasonable construction in light of the purposes, objectives, and spirit of the statute based on good sound reasoning.

*Spires v. Simpson*, 539 S.W.3d 134, 143 (Tenn. 2017) (citations and quotation marks omitted). "The text of the statute is of primary importance, and the words must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Coffee Cnty. Bd. of Educ. v. City of Tullahoma*, 574 S.W.3d 832, 839 (Tenn. 2019) (quoting *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012)).

The statute at issue in this appeal provides:

> (1) Notwithstanding subsection (a) or (b), in a civil proceeding, where a trial court grants a motion to dismiss pursuant to Rule 12 of the Tennessee Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the court shall award the party or parties against whom the dismissed claims were pending at the time the successful motion to dismiss was granted the costs and reasonable and necessary attorney's fees *incurred in the proceedings as a consequence of the dismissed claims* by that party or parties. The awarded costs and fees shall be paid by the party or parties whose claim or claims were dismissed as a result of the granted motion to dismiss.

> (2) Costs shall include all reasonable and necessary litigation costs actually incurred due to the proceedings that resulted from the filing of the dismissed claims . . . .

Tenn. Code Ann. § 20-12-119(c) (Supp. 2020) (emphasis added). On appeal, both parties focus on the meaning of the phrase in subsection (c)(1), "incurred in the proceedings as a consequence of the dismissed claims."

---

[12] Issues of statutory interpretation are questions of law, which are reviewed de novo without a presumption of correctness. *Beard v. Branson*, 528 S.W.3d 487, 494–95 (Tenn. 2017).

Ms. Donovan argues the trial court should have included costs and time entries as early as February 1, 2019, when Mr. Hastings first filed his motion for leave to amend. She argues it would be illogical to only consider costs and time entries after the operative pleading was filed because once she received notice of the motion to amend, her counsel began to work on what would eventually become the motion to dismiss. She claims that the interpretation adopted by the majority on the Court of Appeals would allow a party to avoid paying costs and attorney fees otherwise recoverable under the statute by filing an amended pleading with only small, technical changes.

In response, Mr. Hastings maintains that the trial court and the majority on the Court of Appeals were correct in excluding all costs and fees prior to the filing of the amended countercomplaint because costs and fees incurred before that date could not, by definition, be "part of the proceedings involving the dismissed claim."

In its analysis, the majority on the Court of Appeals focused on the meaning of the word "proceedings" in section 20-12-119(c)(1). *Donovan*, 2020 WL 6390134, at *4. It noted that the term "proceedings" is also used in subsection (c)(2), which has slightly different wording. *Id.*; *see* Tenn. Code Ann. § 20-12-119(c)(2) ("costs actually incurred due to the proceedings that resulted from the filing of the dismissed claims"). Reading those subsections together, the majority defined the term "proceedings" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." *Donovan*, 2020 WL 6390134, at *4 n.1 (alteration in original) (quoting *Proceeding*, *Black's Law Dictionary* (11th ed. 2019)). The majority observed that, once filed, an amended complaint supersedes the original complaint. *Id.* at *5. Consequently, the trial court's dismissal of Mr. Hastings's breach of contract claim was "based on the amended countercomplaint without consideration of the initial countercomplaint." *Id.* (citing *McBurney v. Aldrich*, 816 S.W.2d 30, 33 (Tenn. Ct. App. 1991)). Thus, the majority interpreted section 20-12-119(c)(1) as permitting an award of costs and attorney fees incurred "from the date the amended countercomplaint was filed," *i.e.*, March 29, 2019. For this reason, the majority held that the trial court properly excluded costs and attorney fees incurred prior to March 29, 2019. *Id.*

Judge Neal McBrayer dissented in part, arguing that the trial court and the majority applied section 20-12-119(c)(1) "too narrowly." *Id.* at *7 (McBrayer, J., concurring in part and dissenting in part). Judge McBrayer likewise looked to the language in both subsections (c)(1) and (c)(2). He observed that the original countercomplaint included the same claim that was dismissed, so the original countercomplaint was "part of 'the proceedings that resulted from the filing of the dismissed claim[].'" *Id.* (alteration in original) (quoting Tenn. Code Ann. § 20-12-119(c)(2)). For that reason, Judge McBrayer maintained, costs and attorney fees "incurred in response to the original countercomplaint might be 'incurred in the proceedings as a consequence of the dismissed claim[].'" *Id.* (alteration in original) (quoting Tenn. Code Ann. § 20-12-119(c)(1)). Judge McBrayer

noted that, in this case, Ms. Donovan asserted that research and analysis on the original counterclaimant were incorporated into her motion to dismiss the amended counterclaimant and its supporting memorandum of law. *Id.* at *7 n.1. Because the amended counterclaimant was attached as an exhibit to Mr. Hastings's motion for leave to amend, he observed, Ms. Donovan also began reviewing the amended counterclaimant before it was actually filed. *Id.* Judge McBrayer would have permitted recovery of costs and attorney fees incurred "prior to the filing of the amended counterclaimant." *Id.* at *7.

Respectfully, we agree with Judge McBrayer's interpretation of section 20-12-119(c) as the construction most consonant with the purpose of the statute. *See Coffee Cnty. Bd. of Educ.*, 574 S.W.3d at 839.

Subsection (c) of section 20-12-119 was intended as a limited fee-shifting provision enacted to discourage "truly frivolous lawsuits." *See First Cmty. Mortg., Inc. v. Appraisal Servs. Grp., Inc.*, No. W2020-01246-COA-R3-CV, 2021 WL 5561053, at *9 (Tenn. Ct. App. Nov. 29, 2021) (discussing legislative history); *see also* Everett L. Hixson, III, Note, *All Losers Should Pay in Tennessee: How to Amend T.C.A. Section 20-12-119 to Deter Meritless Claims*, 44 U. Mem. L. Rev. 183, 193 (2013) (discussing legislative history indicating subsection (c) was enacted "to discourage filing of claims without merit"). We construe the language in subsection (c) with an eye toward effectuating that intent. *Spires*, 539 S.W.3d at 143.

Under the facts of this case, we do not read the word "proceedings" in subsections (c)(1) and (c)(2) of section 20-12-119 as limiting the attorney fees or costs to only those incurred once the amended counterclaimant was filed. "Statutes that relate to the same subject matter or have a common purpose must be read *in pari materia* so as to give the intended effect to both." *In re Kaliyah S.*, 455 S.W.3d 533, 552 (Tenn. 2015). Subsection (c)(1) authorizes an award of attorney fees incurred "as a consequence of the dismissed claims," and subsection (c)(2) authorizes an award of costs incurred "due to the proceedings that resulted from the filing of the dismissed claims." Thus, the language in both relates causally to the *claim* that was dismissed. Here, the claim at issue was filed as part of Mr. Hastings's original counterclaimant and was repeated without change in the amended counterclaimant. The same breach of contract claim remained pending in the proceedings from the time the original counterclaimant was filed until the trial court granted Ms. Donovan's motion to dismiss the amended counterclaimant.

To be sure, as a fee-shifting mechanism, section 20-12-119(c) is "limited in scope." *First Cmty. Mortg., Inc.*, 2021 WL 5561053, at *9. The statute contains a $10,000 limit and a sixty-day limit for filing a motion to dismiss. Tenn. Code Ann. § 20-12-119(c)(4), (5)(B). The bill sponsor indicated the statute is intended to "only deal[] with costs associated with the answering of the complaint and filing your motion to dismiss." *First Cmty. Mortg., Inc.*, 2021 WL 5561053, at *9 (quoting the bill sponsor). But the procedural

constraint imposed by the interpretation adopted by the Court of Appeals majority would artificially limit the provision even further so as to stymie its essential purpose: shifting attorney fees and costs incurred as a consequence of a meritless claim to the party who filed it.

This potential problem is illustrated by the facts in the instant case, where Ms. Donovan incurred a substantial amount of attorney fees researching dismissal of the breach of contract claim well before Mr. Hastings's amended countercomplaint was actually filed. As counsel for Ms. Donovan notes, a wily attorney, anticipating an adverse award of attorney fees under section 20-12-119(c), could effectively restart the clock by quickly filing an amended complaint with only small, insubstantial amendments. This would thwart the purpose for which section 20-12-119(c) was enacted.

For this reason, we agree with the interpretation of section 20-12-119(c) reflected in Judge McBrayer's partial dissent in the Court of Appeals below as the construction that is most "reasonable . . . in light of the purposes, objectives, and spirit of the statute." *Coffee Cnty. Bd. of Educ.*, 574 S.W.3d at 839 (quoting *Spires*, 539 S.W.3d at 143). The fees and costs recoverable by Ms. Donovan in connection with the dismissal of Mr. Hastings's breach of contract claim are not limited to those incurred after the amended countercomplaint was actually filed.

At oral argument in this case, Mr. Hastings suggested that, if fees and costs are recoverable from the date of the filing of the original countercomplaint, Ms. Donovan has forfeited her ability to recover them because she filed her motion to dismiss more than sixty days after the original countercomplaint was filed. *See* Tenn. Code Ann. § 20-12-119(c)(5)(B) ("This subsection (c) shall not apply to: . . . Any claim that is dismissed by the granting of a motion to dismiss that was filed more than sixty (60) days after the moving party received service of the latest complaint, counter-complaint or cross-complaint in which that dismissed claim was made[.]"). However, Mr. Hastings did not raise the limitation in section 20-12-119(c)(5)(B) as an issue in his brief and makes only a passing reference to it in the argument section of his brief.

When permission to appeal has been granted to an appellant under Rule 11 of the Tennessee Rules of Appellate Procedure, appellees such as Mr. Hastings may raise their own issues but risk waiver if they fail to present them in a way that comports with our appellate rules:

> Parties who have not filed their own application for permission to appeal may present issues other than those presented by the appellant or party seeking Tenn. R. App. P. 11 relief. To do so, however, Tenn. R. App. P. 27(b) requires a party to include in its brief "the issues and arguments involved in [its] request for relief as well as the answer to the brief of the appellant [or

party seeking Tenn. R. App. P. 11 relief].” An issue may be deemed waived, even when it has been specifically raised as an issue, when the brief fails to include an argument satisfying the requirements of Tenn. R. App. P. 27(a)(7). By the same token, an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4).

*Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (citations and footnote omitted). “The requirement of a statement of the issues raised on appeal is no mere technicality. . . . [T]he appellee is entitled to fair notice of the appellate issues so as to prepare his or her response.” *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011). Moreover, the appellate court “is not charged with the responsibility of scouring the appellate record for any reversible error the trial court may have committed.” *Id.*

As Mr. Hastings neither raised an issue in his brief regarding Ms. Donovan's compliance with section 20-12-119(c)(5)(B) nor included a sufficient argument on this point, the issue is deemed waived.

In sum, we reverse the holding of both the trial court and the Court of Appeals that the fees and costs recoverable by Ms. Donovan pursuant to section 20-12-119(c) are limited to those incurred after Mr. Hastings's amended countercomplaint was filed on March 29, 2019. For that reason, we must vacate the trial court's award of attorney fees and remand the case to the trial court for reconsideration of the amount of the attorney fee and cost award under the correct legal parameters.[13]

## CONCLUSION

We reverse the holding of the trial court and the Court of Appeals that attorney fees and costs awarded to Ms. Donovan pursuant to Tennessee Code Annotated § 20-12-119(c) in connection with the dismissal of Mr. Hastings's countercomplaint are limited to those incurred after the date the amended countercomplaint was filed, March 29, 2019.

---

[13] Ms. Donovan also argues that, in determining the reasonable amount of costs and attorney fees, the trial court erred in considering the factors articulated in Rule 1.5 of the Tennessee Rules of Professional Conduct. *See* Tenn. Sup. Ct. R. 8, RPC 1.5(a). She asserts, without authority, that considering Rule 1.5 is not feasible in cases involving costs and attorney fees under section 20-12-119(c) because dismissed claims that implicate the statute inherently have little value. We have repeatedly held that “the reasonableness of the fee must depend upon the particular circumstances of the individual case.” *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 177 (Tenn. 2011) (quoting *White v. McBride*, 937 S.W.2d 796, 800 (Tenn. 1996)). Rule of Professional Conduct 1.5 sets forth the “correct legal standard” when assessing the reasonableness of a cost and fee request. *Id.* at 169; *see also, e.g.*, *New v. Dumitrache*, 604 S.W.3d 1, 23–24 (Tenn. 2020). This argument is without merit.

Consequently, we vacate the trial court's award and remand to the trial court for reconsideration of the award of reasonable attorney fees and costs. Costs on appeal are taxed to the appellee, Joshua R. Hastings, for which execution may issue if necessary.

_____
HOLLY KIRBY, JUSTICE