**CHILTON AIR COOLED ENGINES, INC., Plaintiff-Appellee,**

v.

**FIRST CITIZENS BANK OF HOHENWALD, Tennessee, Defendant-Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 3, 1986.

Application for Permission to Appeal Denied by Supreme Court March 2, 1987.

Wm. Landis Turner, Keaton, Turner and Spitzer, Hohenwald, for defendant-appellant.

David E. Brandon, Nashville, for plaintiff-appellee.

OPINION

TODD, Presiding Judge.

The defendant, First Citizens Bank of Hohenwald, Tennessee, has appealed from a non-jury judgment in favor of the plaintiff, Chilton Air Cooled Engines, Inc., in the amount of $4,000.

The evidence is preserved by a narrative statement of the evidence filed on June 9,

1986. On July 1, 1986, the Trial Judge authenticated the statement of the evidence with a certificate stating that no objections had been filed within 15 days after the filing of the statement of the evidence. On July 9, 1986, plaintiff filed an objection to the statement of the evidence which was untimely and was not acted upon. The statement of the evidence authenticated by the Trial Judge must be accepted as the true version of the evidence. T.R.A.P. Rule 24(c), (e).

Plaintiff is a distributor of air cooled engines in Nashville, Tennessee.

Plaintiff had a customer named Today's Country Living, a Tennessee Corporation (hereafter T.C.L.), with principal office in Hohenwald, Tennessee, which operated a place of business in Nashville, Tennessee.

On July 13, 1983, defendant sent to plaintiff a letter of credit which read as follows:

We hereby authorize your company, Chilton Air Cooled Engines, to draw drafts on us for the account of Today's Country Living Inc. not to exceed a total amount of Four Thousand and no/100 Dollars under this Letter of Credit your drafts must be accompanied by the following:

A signed statement of Chilton Air Cooled Engines and Today's Country Living Inc. that the amount claimed hereunder represents a balance properly and legally due to Chilton Air Cooled Engines by Today's Country Living, Inc.

This irrevocable Letter of Credit will remain in affect until such time that the First Citizens Bank cancels same by written ten day notice at which time Chilton Air Cooled Engines will have thirty days from the effective termination date to produce drafts which support any indebtedness under this Irrevocable Letter of Credit.

The original Letter of Credit must be submitted to us together with any drawings hereunder for endorsement of any payments affected by us and/or for cancellation.

On October 11, 1984, defendant sent the following letter to plaintiff:

We hereby give you notice that the above described Letter of Credit will be cancelled on October 31, 1984. We understand that you have thirty (30) days from the effective termination date to produce drafts which support any indebtedness under this Irrevocable Letter of Credit.

A new letter of Credit is being issued to become effective on November 1, 1984. This cancellation is in compliance with the request of the State Banking Examiner due to the original Letter of Credit not having an expiration date.

On the same date, October 11, 1984, defendant sent the following letter to plaintiff:

Re: Irrevocable Letter of Credit
#10A Today's Country Living,
Inc. Hohenwald, TN

Gentlemen:

Effective November 1, 1984, we hereby authorize your company, Chilton Air Cooled Engines, to draw drafts on us for the account of Today's Country Living, Inc. not to exceed a total amount of Four Thousand and No/100 ($4,000.00) Dollars. Under this Letter of Credit your drafts must be accompanied by the following:

A signed statement of Chilton Air Cooled Engines and Today's Country Living, Inc. that the amount claimed hereunder represents a balance properly and legally due to Chilton Air Cooled Engines by Today's Country Living, Inc.

This irrevocable Letter of Credit will remain in effect until expiration date at the close of business November 1, 1986.

No further communication occurred between plaintiff and defendant until October 15, 1985, on which date counsel for plaintiff sent to defendant the following letter:

RE: Irrevocable Letter of Credit
No. 10
Today's Country Living, Inc.
Hohenwald, Tennessee 38462

Dear Sirs:

Please be advised that I represent Chilton Air Cooled Engines, Inc. who, as a result of an irrevocable Letter of Credit

issued from your bank October 11, 1984, extended credit to Today's Country Living, Inc., a corporation which has since filed bankruptcy. (Please see enclosures.)

Pursuant to your irrevocable Letter of Credit, we extended in excess of $4,000.00 to the now bankrupt corporation. Please find enclosed our statement of September 27, 1985 indicating an outstanding balance of $4,723.76. Request is made that payment of $4,000.00 be made pursuant to your Letter of Credit, upon which we relied, within ten (10) days from the date of this letter. I am

Sincerely yours,

On October 30, 1985, plaintiff sued defendant in Davidson County General Sessions Court, stating the following cause of action:

After proper demand upon the defendant, payment under its' Letter of Credit of October 11, 1984 in the amount of $4,000.00 (See attachments 1 and 2) goods and services were extended to Todays Country Living, Inc. in the amount of $4,723.76 (see attached statement), plaintiff relied on said defendant's irrevocable Letter of Credit No. 10 insuring a $4,000.00 line of credit which defendant refuses to honor; WHEREFORE, plaintiff sues for $4,000.00 plus Court costs and attorneys fees, if applicable.

On November 7, 1985, defendant's counsel wrote counsel for plaintiff as follows: This is to confirm our telephone conversation last week. In further clarification of my letter dated October 23, your request for payment does not comply with the terms of the letter of credit, which provides that your client was to draw drafts accompanied by signed statements of Chilton and Today's Country Living, Inc., that the amount claimed represents a balance properly and legally due to Chilton by Today's Country Living, Inc. I enclose a copy of the plea in abatement I am filing.

The plea in abatement mentioned in the foregoing letter is not found in the record.

During the trial in General Sessions Court, plaintiff tendered to defendant 40 invoices or sales tickets showing sales from plaintiff to Today's Country Living during the period from April 29, 1985, through June 28, 1985. Each of said tickets has a space for signature with the printed words, "received by" printed below. An illegible signature appears in each of said spaces.

On December 3, 1985, judgment was rendered in General Sessions Court, which judgment was appealed to the Circuit Court.

On December 20, 1985, counsel for plaintiff wrote counsel for defendant as follows:

RE: First Citizens Bank of
Hohenwald, Tennessee
Letters of Credit
10 and 10A

Dear Mr. Turner:

Please find enclosed a sight draft which I would appreciate the authorized bank officer signing and returning to my office as soon as is practical. Also enclosed is an Affidavit of Mike Tidwell stating under oath that the invoices already presented to you fairly and accurately represent merchandise presented under your Letters of Credit to Today's Country Living, Inc.

Attached to said letter was an unsigned sight draft payable to plaintiff for $4,000 and an affidavit as follows:

I Michael J. Tidwell, Accountant for Chilton Air Cooled Engines, Inc. and (sic) state that I have presented to First Citizens Bank of Hohenwald, Tennessee, invoices that accurately reflect the delivery of merchandise to Today's Country Living, Inc.

Mr. Ron Baucom, the representative to Today's Country Living, Inc. with whom I dealt, has refused to sign any statement verifying the information which I have just provided. Merchandise totaling $4,866.54 has been advanced to Today's Country Living, Inc. as a result of your Irrevocable Letters of Credit Nos. 10 and 10A. Since the issuance of your Irrevocable Letters of Credit and our extension of merchandise as a result of said Irrevocable Letters of Credit, Today's Country Living, Inc. has declared

bankruptcy. Mr. Ron Baucom, of Today's Country Living, Inc. was presented these invoices for verification which he refused to do on the advice of his attorney.

On December 30, 1985, counsel for defendant responded as follows:

Again, First Citizens Bank must decline to honor your demand for payment under the letter of credit issued to Chilton. The documentation submitted on its face does not conform to the requirements of the letter. The letter clearly requires drafts accompanied by "a signed statement of Chilton Air Cooled Engines and Today's Country Living, Inc. that the amount claimed hereunder represents a balance properly and legally due to Chilton Air Cooled Engines by Today's Country Living, Inc."

The instrument you have entitled "Sight Draft" and the affidavit of Mr. Tidwell, on their face, do not comply with the terms of the letter of credit.

At the trial in Circuit Court, plaintiff's accountant, Tidwell, testified that the 40 invoices presented to the bank accurately reflected deliveries to T.C.L.; that Ron Baucom, the representative of T.C.L. with whom he had dealt had refused to sign a verification of the invoices; that a total of $4,866.54 in merchandise had been delivered to T.C.L. which had "declared bankruptcy".

As stated, the Circuit Judge rendered judgment for plaintiff, and defendant appealed.

On appeal, defendant presents three issues, the first of which is whether Davidson County is a proper venue for this action.

Generally, pleading in General Sessions Court and, on appeal to the Circuit Court, is "ore tenus" except where the pleading is required to be in writing. *Criag v. Collins*, Tenn.App.1974, 524 S.W.2d 947, and authorities cited therein. No evidence is found in the record that the "plea in abatement" (motion to dismiss for improper venue) was ever presented to and

passed upon by the General Sessions Court or the Circuit Court.

Rule 6 of the Rules of this Court requires specific citation to parts of the record material to the issues. Since no such citation is found in appellant's brief, it must be presumed that there is no record of the presentation to the Trial Court of the issue of venue.

Generally, appellate courts review only questions presented to the trial court for determination. *Veach v. State*, Tenn.1973, 491 S.W.2d 81; *Parker v. Reddick*, 196 Tenn. 472, 268 S.W.2d 357, 45 A.L.R.2d 1096; *Foley v. Dayton Bank & Trust Co.*, Tenn.App.1985, 696 S.W.2d 356; *Sutton v. Bledsoe*, Tenn.App.1981, 635 S.W.2d 379.

The issue of venue will not be considered.

Defendant's remaining issues are as follows:

2. Where a letter of credit requires documentation to accompany demands for payment, including signed verification on the part of the issuer's customer of the balance due the claimant, must the issuer honor the letter of credit in the absence of this verification and documentation.

3. Whether the appellant bank wrongfully refused to make the payment demanded by appellee under the letter of credit.

A "Credit" or "letter of credit" is an engagement by a bank or other person made at the request of a customer that the issuer of the credit will honor drafts or other demands for payment upon compliance with the conditions specified in the credit. A "documentary draft" or a "documentary demand for payment" is one the honor of which is conditioned upon the presentation of a document or documents. T.C.A. § 47-5-103.

Subject to any statutory restrictions, letters of credit are primarily contractual in nature and can thus generally be varied. *CNA Mortgage Investors, Ltd. v. Hamilton National Bank*, Tenn.App. 1976, 540 S.W.2d 238.

A draft is a bill of exchange drawn by one person upon another ordering the

payment of money. *Black's Legal Dictionary,* Fourth Edition, p. 582.

The letters of credit quoted above amounted to an assurance to plaintiff that any order drawn upon the bank by plaintiff for an amount due from *and approved by* T.C.L. would be paid if documented in conformity with the letter.

The record contains no evidence that a draft was ever signed by plaintiff. The only draft in the record is unsigned. This infirmity might be deemed to be waived under the circumstances.

There is no record that any draft was ever presented to defendant prior to the institution of suit; but this omission might be considered to have been harmless in view of the formal demand for payment.

However, it cannot be successfully contended that the requirements of the applicable letter of credit for:

> A signed statement of Chilton Air Cooled Engines and Today's Country Living, Inc. that the amount claimed hereunder represents a balance properly and legally due to Chilton Air Cooled Engines by Today's Country Living, Inc.

were ever complied with, either before or during the suit.

■ Plaintiff contends that all documentation required by the letter of credit was waived by a telephone conversation in which a representative of defendant announced that the bank would not honor a draft under the letter of credit. Even if this should be true, such a waiver would not be a waiver of due proof of plaintiff's cause of action in Court. That is to say, if the anticipatory breach establishes plaintiff's right to recover, it does not establish the amount which plaintiff should recover; and this amount is measured by the amounts appearing on the documentation required by the letter of credit.

Stated in other words, even though plaintiff might be excused from presenting the required documentation to defendant, it was nevertheless encumbent upon plaintiff to present such documentation to the Trial Court.

Plaintiff's brief states:

Ron Baucom was the only person that could logically verify the account of Today's Country Living, Inc. . . . . he would not sign any documents.

No evidence is cited or found to support the argument that "Ron Baucom was the de facto nominee of the appellant to verify the invoices to be presented".

■ Plaintiff apparently conceives that it is excused from the requirement to furnish approval of T.C.L. on the documents by the fact that one of the officials of the corporation refused to do so. This Court does not so interpret the obligation assumed in the letter of credit. The bank did not undertake to pay any obligation which T.C.L. might owe to plaintiff. Plaintiff undertook to pay only those obligations which T.C.L. instructed the bank to pay.

A draft, properly drawn and honored by the bank would create an obligation for T.C.L. to reimburse the bank. Such an obligation would not arise unless T.C.L. specifically approved and authorized the payment of the draft. No such obligation of repayment would arise from a voluntary, unsolicited payment by the bank of an obligation of T.C.L. Therefore the bank was clearly and logically justified in fixing the limitation that it would pay only obligations approved by and at the request of T.C.L.

■ The evidence in this record does not establish that the obligation which plaintiff seeks to recover in this action was ever approved by T.C.L. for payment by the bank.

The accountant of plaintiff testified that the invoices presented represented the delivery of merchandise to T.C.L. This fact, standing alone, would not support a finding of indebtedness without evidence that the amount shown on said invoices remained unpaid; and, as already pointed out, the mere fact that said amounts might be due from T.C.L. would not establish the liability of defendant without the specific authorization or request of T.C.L. for the bank's payment.

The letter of credit was not prepared in the most appropriate form. A preferrable wording would have been:

We will honor drafts drawn upon us by T.C.L. in your favor if supported by (the described documents).

Under such a wording, T.C.L. would have signed the draft payable to plaintiff which would have attached the documents and presented the drafts to defendant. The draft itself would have been T.C.L.'s request for payment and obligation to repay the bank.

Nevertheless, the obligation of defendant to plaintiff was written in clear and unmistakable language and may be enforced only in accordance with its terms.

The judgment in favor of plaintiff is reversed and vacated, and plaintiff's suit is dismissed. All costs, including costs of this appeal, are taxed against plaintiff. The cause is remanded to the Trial Court for such further proceedings, if any, as may be necessary and proper.

Reversed and remanded.

LEWIS and CANTRELL, JJ., concur.