**Randall D. McBURNEY,**
**Plaintiff–Appellant,**

v.

**Don C. ALDRICH and Teresa Aldrich,**
**Defendants–Appellees.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

March 22, 1991.

Rehearing Denied April 5, 1991.

Application for Permission to Appeal
Denied by Supreme Court Sept. 3, 1991.

John D. Kitch, Kitch, Deas & Klein,
Nashville, for plaintiff-appellant.

J. Russell Heldman, Heiskell, Donelson,
Bearman, Adams, Williams & Kirsch, A
Professional Corp., Nashville, for defen-
dants-appellees.

## OPINION

TODD, Presiding Judge.

The plaintiff, Randall D. McBurney, has
appealed from all orders entered by the
Trial Court, and specifically from orders
entered on March 30, 1990, July 24, 1990,
and September 7, 1990.

A proper understanding of the issues requires a detailed recitation of the proceedings in the Trial Court.

On December 22, 1989, plaintiff sued Don C. Aldrich and Teresa Aldrich, individually and d/b/a Pegasus II, Roy Sinkovich, Carl H. Keeran, and Pegasus Entertainment Group, Inc., seeking judgment against all named defendants, for accounting, payment for plaintiff's shares of stock, attorney's fees and general relief.

On February 16, 1990, Don and Teresa Aldrich and Pegasus Entertainment Group, Inc., moved for dismissal for failure to state a claim for which relief can be granted.

On March 7, 1990, without leave of the Trial Court, plaintiff filed an amended complaint in which Pegasus Entertainment Group, Inc., was omitted from the captioned defendants, and the name of the captioned plaintiff was changed to read:

Randall D. McBurney, Individually and on behalf of Pegasus Entertainment Group, Inc.

The text of the amended complaint was somewhat different from that of the original complaint.

On the same date, March 7, 1990, plaintiff filed his "Response to Motion to Dismiss".

On the same date, March 7, 1990, plaintiff filed a "Notice of Dismissal" of Pegasus Entertainment Group, Inc.

On March 8, 1990, Don and Teresa Aldrich and Pegasus Entertainment Group, Inc., filed an "Objection to Filing of Amended Complaint and Motion to Strike Amended Complaint".

On March 8, 1990, the Trial Court entered an order of dismissal of Pegasus Entertainment Group, Inc.

On March 20, 1990, plaintiff filed his "Rule 12.02 Response to Objection and Motion".

On March 30, 1990, the Trial Court entered an "Order of Dismissal of Complaint and Striking Amended Complaint" stating:

... The motion to dismiss is well taken and should be granted and the original complaint should be dismissed; the amended complaint is not properly before the Court and, therefore, defendants' motion to strike the amended complaint is well taken and should be granted, ...

It is, therefore, ORDERED, ADJUDGED and DECREED that the motion of defendants, Don C. Aldrich and Teresa Aldrich, individually and d/b/a Pegasus II, and Pegasus Entertainment Group, Inc., to dismiss the original complaint is granted and *plaintiff's original complaint against these defendants is dismissed.*

It is further ORDERED, ADJUDGED and DECREED that the motion of defendants, Don C. Aldrich and Teresa Aldrich, individually and d/b/a Pegasus II, and Pegasus Entertainment Group, Inc., to strike the amended complaint is hereby granted and that plaintiff's amended complaint filed on March 7, 1990, should be stricken from the record in this cause. (Emphasis supplied.)

On June 11, 1990, plaintiff moved the Trial Court to modify the foregoing order.

On the same date, plaintiff moved for leave to amend to add Don and Teresa Aldrich as parties defendant and to file an amended complaint substantially identical with that previously filed and stricken. (It appears that Don and Teresa Aldrich were already named defendants).

On July 11, 1990, Don and Teresa Aldrich, individually and d/b/a Pegasus II filed an "Objection and Motion to Strike Those Portions of the Motion to Modify Order and Motion for Permission to Amend" which states (sic) "that he is suing on behalf of Pegasus Entertainment Group, Inc."

On the same date, July 11, Don and Teresa Aldrich, individually and d/b/a Pegasus II filed a: "Response and Objection to Plaintiff's Motion to Amend", attaching a copy of a new complaint filed by plaintiff on July 11, 1990, in the same court, but under a new and separate case number, 90–1071–I, which appears to be identical or substantially identical with that tendered with the Motion for Leave to Amend. (The

Trial Court case number of the case on appeal is 89–3565–I.)

Also attached to said "Response and Objection" was a copy of a Motion to Dismiss filed in the new case (90–1071–I) by Don and Teresa Aldrich individually and d/b/a Pegasus II, seeking dismissal of the new complaint on grounds of *res judicata*, based upon the order of Dismissal entered on March 30, 1990, in the first case (89–3565–I).

On July 24, 1990, in the original case (89–3565–I), the Trial Court entered an order reciting:

> ... [t]he Court having earlier this day already granted these same defendants' motion to dismiss the complaint in case number 90–1071–I, *Randall D. McBurney, individually and on behalf of Pegasus Entertainment Group, Inc., v. Don C. Aldrich and Teresa Aldrich, individually and d/b/a Pegasus II, Roy Sinkovich and Carl H. Keeran,* Davidson County Chancery Court, on the grounds that the complaint in case number 90–1071–I fails to state a claim upon which relief can be granted under T.R.C.P. 12.02(6), the Court is of the opinion that the motion for permission to amend is not well taken and should be denied. The court specifically finds that the proposed amended complaint which is the subject of plaintiff's motion for permission to amend is identical to the complaint in case number 90–1071–I which has already been dismissed as against these same defendants. The Court further is of the opinion that defendants' objection to plaintiff's use of "on behalf of PEGASUS ENTERTAINMENT GROUP, INC.", in said motion for permission to amend should be sustained and that those words should be stricken from said motion.
>
> It is, therefore, ORDERED that plaintiff's motion for permission to amend his complaint is hereby denied, that the objection and motion to strike is hereby sustained and granted, and that the words "on behalf of PEGASUS ENTERTAINMENT GROUP, INC.," shall be stricken from plaintiff's motion.

On September 6, 1990, plaintiff filed notice of voluntary dismissal of defendants Roy Sinkovich and Carl H. Keeran, and on September 7, 1990, an order was entered accordingly.

On September 26, 1990, the notice of appeal was filed in the present case (No. 89–3565–I). On the same date, plaintiff filed notice that no transcript or statement of the evidence would be filed.

On November 14, 1990, an "Order of Correction" was entered stating:

> It is hereby ORDERED that the motion of the defendants shall be granted and that the phrase: "and on behalf of PEGASUS ENTERTAINMENT GROUP, INC." which appears in the caption of the Order of Dismissal of March 8, 1990, shall be deleted and stricken, and further treated as such for purposes of the record in this cause.

On the same date, November 14, 1990, an "Order Pursuant to TRAP 24(e)" was entered requiring that designated portions of the record of the new suit (No. 90–1071–I) be included in the record of this appeal. Included in this appendage to this record are the new complaint, motion to dismiss, response thereto and order of dismissal entered on July 23, 1990.

On appeal, plaintiff presents three issues, of which the first two challenge the rulings of the Trial Court striking the amendment filed without leave of court and refusing leave to amend when sought by motion.

■ TRCP Rule 15.01 states:

> **Amendments.**—A party may amend his pleadings once as a matter of course at *any time before a responsive pleading is served* ... Otherwise a party may amend his pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.... (Emphasis supplied.)

Prior to March 7, 1990, when plaintiff filed the amended complaint, the defendants Don and Teresa Aldrich and Pegasus Entertainment Group, Inc., had, on Febru-

ary 16, 1990, filed a motion to dismiss, but no answer to the complaint.

In *Adams v. Carter County Memorial Hospital*, Tenn.1977, 548 S.W.2d 307, the defendants moved to dismiss for failure to state a claim upon which relief may be granted. When the Trial Judge indicated his inclination to sustain the motion, plaintiff moved to amend. The Trial Court overruled the motion to amend and sustained the motions to dismiss. The Supreme Court said:

> The trial court further erred in denying plaintiff's motion to amend. Rule 15.01, Tenn.R.C.P., provides that "a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served." Under this provision, the plaintiff clearly had the right to amend without leave of court since no responsive pleading to the complaint had been served. A motion is not such a responsive pleading. [citing authorities]

Based upon the foregoing, the motion to dismiss did not deprive the plaintiff of the absolute right to amend his complaint, and it was error for the Trial Court to strike the amended complaint which must be restored and dealt with upon its merits.

■ Defendants assert that striking of the amended complaint was not error because it did not state a claim for which relief could be granted. The issue of the sufficiency of the amended complaint was not presented to or decided by the Trial Court in this case. Therefore it is not a proper issue for consideration by this Court in this appeal. *Chilton Air Cooled Engines, Inc. v. First Citizens Bank of Hohenwald*, Tenn.App.1987, 726 S.W.2d 526, and authorities cited therein.

■ Defendants argue that the original complaint was subject to dismissal. An "amendment" to a complaint merely modifies the complaint which remains before the court as modified. However, an "amended complaint", complete in itself without adoption or reference to the original, supersedes and destroys the original as a pleading. *Louisville & N.R. Co. v. House*, 104 Tenn. 110, 56 S.W. 836 (1900).

The motion for dismissal must be considered in relation to the amended complaint.

The foregoing renders moot the issue of refusal of leave to file the amended complaint. Such leave was unnecessary because a "responsive pleading" had not been filed. Amendment without leave was a matter of right, and the amended complaint was and is properly before the Court.

■ Defendants assert that the plaintiff is estopped to proceed under his amended complaint because an identical pleading has been dismissed in the second case (No. 90–1071–I). Superficially, this argument may appear to have merit; but, upon closer examination of the record, it appears otherwise.

The separate judgment upon which defendants claim estoppel was rendered in the second case which is not before this Court for review. The motion for dismissal of the second suit states:

> As grounds for this motion, defendants would state that the Order of Dismissal of Complaint and Striking Amended Complaint entered by this Court on March 30, 1990, in the case of *Randall D. McBurney v. Don C. Aldrich and Teresa Aldrich, individually and d/b/a Pegasus II, Roy Sinkovich, Carl H. Keeran and Pegasus Entertainment Group, Inc.*, Chancery Court No. 89–3565–I, was an order of dismissal on the merits against these defendants pursuant to T.R.C.P. 41.02(3). The issues raised by the Complaint in this cause are the identical issues raised by the complaint in the preceding cause and they are directed at the same alleged wrong and same subject matter. Furthermore, the parties and their privies are identical. Therefore, the present action has already been litigated and any new fact alleged in the instant cause reasonably could have been litigated in case number 89–3565–I. Therefore, according to the doctrine of *res judicata*, the order of March 30, 1990, in case number 89–3565–I forecloses and bars plaintiff from re-litigating the prior cause and any issue which

might have been raised in said cause under the form and guise of the instant complaint against these defendants. Accordingly, plaintiff's Complaint in this cause against these defendants should be dismissed.

Defendants rely upon the attached certified copy of the order of March 30, 1990, in case number 89–3565–I, as well as the Complaint, Motion to Dismiss, Amended Complaint, and Objection and Motion to Strike Amended Complaint in case number 89–3565–I, which are also attached to the instant motion.

The order of dismissal in the first action, which is the subject of this appeal, states:

... The motion to dismiss is well taken and should be granted and the original complaint should be dismissed; the amended complaint is not properly before the Court and, therefore, defendants' motion to strike the amended complaint is well taken and should be granted, and the amended complaint should be stricken from the record in this cause; ...

The order of dismissal in the second action, upon which defendants base their estoppel argument, states:

... The Court specifically finds that the March 30, 1990, order of dismissal for failure to state a claim in case number 89–3565–I, *Randall D. McBurney v. Don C. Aldrich and Teresa Aldrich, individually and d/b/a Pegasus II, Roy Sinkovich, Carl H. Keeran and Pegasus Entertainment Group, Inc.*, Davidson County Chancery Court, was an adjudication on the merits pursuant to T.R.C.P. Rules 12.02(6) and 41.02(3) and therefore entitled to full *res judicata* effect in the instant case. The Court further finds that under the doctrine of *res judicata*, plaintiff is foreclosed from bringing the instant action against defendants, Don C. Aldrich and Teresa Aldrich, individually and d/b/a Pegasus II.

It is seen that both the motion to dismiss and the judgment of dismissal of the second suit (upon the amended complaint stricken in the first suit) were based upon a prior dismissal of the original complaint, and not the amended complaint in the first suit. It was error for the Trial Court to sustain a defense of *res judicata* to the complaint in the second suit which was not the same as the original complaint in the first suit. The complaint in the second suit was substantially the same as the *amended* complaint in the first suit which had not been dismissed.

However, defendants argue that, since plaintiff did not appeal from the judgment in the second suit, it has become final and is binding upon plaintiff even though it may be erroneous. This Court is unable to agree.

■ A final judgment effectively suspended by injunction is not grounds for a defense of *res judicata*. *Batey v. D.H. Overmyer Warehouse Co.*, 60 Tenn.App. 310, 446 S.W.2d 686 (1969).

■ Where the former suit is still pending, a judgment rendered therein is not *res judicata*. *Mitchell v. Waddell*, 6 Tenn. App. 589 (1926).

■ It is generally agreed that a judgment is not final and *res judicata* where an appeal is pending. 50 C.J.S. Judgments § 623, p. 48.

■ In Tennessee, it is generally considered that the judgment of a court of record is not final until the expiration of at least 30 days from its entry. TRCP Rule 59.02, *Jerkins v. McKinney*, Tenn.1976, 533 S.W.2d 275. A judgment of a court of record is "within the bosom of the court" for 30 days after entry, during which time it may be set aside or amended on motion of a party or upon the court's own motion.

■ A judgment which does not dispose of all parties and issues is not a final judgment and is subject to modification by the court at any time before final judgment disposing of all parties and issues. TRCP Rule 54.02, TRAP Rule 3(a).

The judgment entered in the first case on March 30, 1990, did not become final until after the dismissal of Roy Sinkovitch and Carl H. Keeran on September 7, 1990. It therefore was not *res judicata* on July 23, 1990. It therefore could not be the proper

basis for a judgment entered on that date sustaining a defense of *res judicata.*

Likewise, the order entered in the second case on July 23, 1990, was not final on July 24, 1990, when the Trial Judge relied upon it to dismiss the present suit.

It is clear that there has been no adjudication upon the merits of the sufficiency of the amended complaint in the first suit or of its counterpart, the first complaint in the second suit.

Under the circumstances of the present case, it would be the height of futility, and destructive of the appellate process, to permit the adjudication of the Trial Court in the separate case to deprive this Court of the power to adjudicate the issues in an appeal pending before it.

Under the circumstances related above, the motion and judgment in the second case probably should have been based upon former suit pending, in which event the judgment in the second case would have had no effect upon the proceedings in the present case, including the process of appeal.

Without commenting upon the convoluted proceedings herein, it is fervently hoped that, upon remand, the Trial Court will be spared a continuation of the same in favor of a straight-forward presentation of issues.

The judgment of the Trial Court in the present case is reversed and vacated at the cost of the defendants-appellees, and the cause is remanded with directions to strike all pleadings except the amended complaint and to conduct proper and unconvoluted proceedings thereon.

Reversed and remanded.

CANTRELL, J., concurs.

KOCH, J., concurs in results only.