IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 2, 2021 Session

**LORING JUSTICE v. VEY MICHAEL NORDQUIST, PH.D.**

**Appeal from the Circuit Court for Knox County**
**No. 1-171-19      Kristi M. Davis, Judge**

**No. E2020-01152-COA-R3-CV**

Loring Justice ("Plaintiff"), individually and as next friend of N.N./N.J. ("the Child") sued Vey Michael Nordquist, Ph.D. ("Defendant") in the Circuit Court for Knox County ("the Trial Court") over Defendant's actions in connection with paternity litigation to which Plaintiff was a party. Defendant filed a motion to dismiss, but never filed a responsive pleading to the original complaint. The Trial Court granted Defendant's motion to dismiss. Before time for appeal expired, Plaintiff filed an amended complaint as he was entitled to do under Tenn. R. Civ. P. 15.01 given that Defendant never filed a responsive pleading to the original complaint. However, the Trial Court never ruled on Plaintiff's amended complaint. The order appealed from is not a final judgment, meaning we lack subject matter jurisdiction to hear this appeal. Therefore, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Linn Guerrero, Knoxville, Tennessee, for the appellant, Loring Justice, individually and as next friend of N.N./N.J., a minor.

Cathy H. Morton, Maryville, Tennessee, for the appellee, Vey Michael Nordquist, Ph.D.

# OPINION

## Background

Defendant, a psychologist, was retained by counsel for the Child's mother in connection with paternity litigation involving Plaintiff. Defendant went on to testify as an expert witness in a manner adverse to Plaintiff's case. In 2014, Plaintiff filed a lawsuit alleging health care liability against Defendant; this lawsuit later was voluntarily dismissed. In May 2019, Plaintiff refiled his lawsuit against Defendant in the Trial Court. Plaintiff alleged, among many other things, the following:

> 88. Defendant owed duties to [Plaintiff], as he held himself out to [Plaintiff] in the phone call of May, 2013 as something other than a hired expert for [the Child's] mother and secured information from [Plaintiff] and discussed information about [the Child] with [Plaintiff] and [the Child's] condition with [Plaintiff] and proposed various potential psychological interventions for the family to [Plaintiff]. . . Relative to [Plaintiff], [Defendant] created, at a minimum, the appearance he was in a treating or therapeutic relationship with [Plaintiff] at least to address the family dynamic between [the Child], his mother and [Plaintiff]. [Defendant] had a duty to provide care, treatment, and services within acceptable standards of care for psychologists and to abide by the ethical standards of his profession regarding his role and multiple relationships.
>
> 89. Defendant breached the duties he owed to [Plaintiff] and [the Child], and was negligent and abusive in his actions and care and treatment of [the Child] and [Plaintiff], through the acts and/or omissions discussed.
>
> 90. As a direct and proximate result of the acts or omissions set forth, singularly or in combination, [the Child] grew alienated from his father, his mother's alienation was assisted by [Defendant] and [Defendant] interfered with [the Child's] proper court-Ordered therapy; [the Child] has been severely injured by [Defendant's] errors, omissions and misdeeds and so has [Plaintiff].

In June 2019, Defendant filed his Motion to Dismiss and to Strike the Complaint pursuant to Tenn. R. Civ. P. 12.02(6) and 12.06. Defendant made a number of arguments in support of his motion, including: (1) Defendant was immune for statements he made in judicial proceedings; (2) Plaintiff lacked standing to bring this suit on behalf of the Child because his paternity was not established when the suit was first filed; (3) Plaintiff's individual claims were barred by the statute of limitations and any health care liability

claims made on the Child's behalf were barred by the applicable statute of repose; (4) Defendant owed no duty to Plaintiff; and, (5) Plaintiff was estopped from raising issues of Defendant's credibility or trustworthiness as those issues had already been determined by the juvenile court judge in the separate proceedings. Additional procedural history unfolded, not all of which is relevant to the dispositive issue on appeal. Upon Defendant's request, the Trial Court disqualified Plaintiff's counsel on grounds that counsel's involvement in the paternity action meant she was too "intermingled" to serve in this case.

On February 28, 2020, the Trial Court entered an order granting Defendant's motion to dismiss. Defendant filed his motion for costs and fees pursuant to Tenn. Code Ann. § 20-12-119. On March 30, 2020, Plaintiff filed two separate motions to alter or amend the Trial Court's February 28, 2020 order of dismissal. On May 7, 2020, the Trial Court entered an order denying Plaintiff's motions to alter or amend. On June 8, 2020, Plaintiff filed his First Amended Complaint. On June 15, 2020, the Trial Court entered an order awarding Defendant attorney's fees and expenses pursuant to Tenn. Code Ann. § 20-12-119(c)(1). Plaintiff thereafter filed a motion to alter or amend the Trial Court's June 15, 2020 order on attorney's fees and expenses. On July 28, 2020, the Trial Court entered an order denying Plaintiff's motion to alter or amend its June 15, 2020 order on attorney's fees and expenses. On August 14, 2020, Plaintiff filed a motion for default judgment pursuant to Tenn. R. Civ. P. 55 on grounds that Defendant had failed to answer Plaintiff's amended complaint. On August 24, 2020, Defendant filed his Response to Notice of Default and Motion to Dismiss Amended Complaint. In his response, Defendant stated:

> Comes the Defendant Dr. Vey Nordquist, by and through counsel, and objects to and requests that Plaintiff's Motion for Default be denied and his First Amended Complaint be stricken from the record and that the Defendant be awarded his attorney fees and costs in responding to the Motion. This case was dismissed by Order of the Honorable Kristi Davis entered on February 28, 2020. Plaintiff's two Motions to Alter or Amend the February 28, 2020 Order were denied by Judge Davis by Order entered May 7, 2020 and no appeal was filed. There is no legal basis for the filing of an Amended Complaint after the entry of an Order of Dismissal and no response was required. The filing of the Amended Complaint and Motion for Default are frivolous and unequivocal continuation of Justice's bad faith attempts to abuse and harass the Defendant and the judicial process and should not be tolerated. In addition to attorney's fees and costs, sanctions should be imposed, or an injunction entered to prevent Justice from continuing this abusive and vexatious litigation.

On August 27, 2020, Plaintiff filed his Notice of Appeal with this Court "[o]ut of an abundance of caution" as he put it in his appellate brief.

**Discussion**

Plaintiff and Defendant raise multiple issues on appeal. However, we discern that a single issue—one raised by Plaintiff—is dispositive: whether this appeal must be dismissed for lack of a final judgment.

The Tennessee Rules of Appellate Procedure define an appeal as of right from a final judgment as follows:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a).

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). "[A]ny trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right." *State ex rel. Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct. 22, 2008), *no appl. perm. appeal filed*. This Court does not have subject matter jurisdiction to adjudicate an appeal if there is no final judgment. The Tennessee Supreme Court has recognized that "[u]nless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only." *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990). *See also Ruff v. Raleigh Assembly of God Church, Inc.*, 241 S.W.3d 876, 877 at n. 1 (Tenn. Ct. App. 2007).

Plaintiff contends that, as Defendant never filed a responsive pleading to his original complaint, he had an absolute right to file an amended complaint notwithstanding that the Trial Court already entered an order of dismissal as to his original complaint. In support of his contention, Plaintiff cites *Justice v. Nelson*, No. E2018-02020-COA-R3-CV, 2019 WL 6716300 (Tenn. Ct. App. Dec. 10, 2019), *no appl. perm. appeal filed*, incidentally another case involving Plaintiff. In *Justice*, the trial court granted defendants' motion to dismiss plaintiff's complaint. *Id*. at *1. Thirty days later, plaintiff filed an amended complaint. *Id*. Acknowledging the legitimacy of this procedural move, we noted:

-4-

On September 4, 2018, the trial court entered an order clarifying that "Mr. Justice filed a First Amended Complaint <u>not</u> a motion to be allowed to file an amended complaint." (Emphasis in original.) The court was reminding defendants that "[a] party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served[.]" *See* Tenn. R. Civ. P. 15.01; *see also Adams v. Carter Cty. Memorial Hosp.*, 548 S.W.2d 307, 308-09 (Tenn. 1977) (holding that the plaintiff could file an amended complaint as a matter of course after the trial court granted the defendants' motion to dismiss and before that order of dismissal became a final judgment). Despite finding that "[t]here was never a motion to dismiss the amended complaint[,]" the trial court ruled that "[t]he response to the amended complaint reads like a motion to dismiss and the Court will consider it a motion to dismiss." The court also requested additional briefing on the issue.

*Justice*, 2019 WL 6716300, at *1.[1] The trial court dismissed the lawsuit. *Id*. at *2. On appeal, we held that defendants' response to plaintiff's amended complaint was not a motion to dismiss in form or in substance, and that the trial court erred in effectively dismissing the amended complaint *sua sponte* without adequate justification. *Id*. at *3, 5. For purposes of the instant case, however, the main point from *Justice* is that this Court has recognized a scenario in which a party may file an amended complaint to continue her case even though the trial court already has dismissed her original complaint if no responsive pleading to the original complaint was filed and the order of dismissal has not become final. The first consideration in this scenario is whether a responsive pleading has been filed. Here, Defendant filed only a motion to dismiss; he never filed an answer. Regarding the effect this has on a plaintiff's ability to amend her complaint, this Court has stated: "[A] plaintiff must seek permission from the court to file an amended complaint only when a responsive pleading has been filed. It is well-settled in Tennessee that a motion to dismiss is not a responsive pleading." *Mosley v. State*, 475 S.W.3d 767, 774 (Tenn. Ct. App. 2015) (citations omitted). Defendant's Motion to Dismiss and to Strike the Complaint does not constitute a responsive pleading. The next consideration is whether Plaintiff's amended complaint was timely filed before the order of dismissal became final. Regarding the different senses in which a judgment may be deemed "final," this Court has stated:

---

[1] Tenn. R. Civ. P. 15.01 provides: "A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within fifteen (15) days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires. For amendments adding defendants pursuant to Tenn. Code Ann. § 20-1-119, however, written consent of the adverse party or leave of court is not required. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fifteen (15) days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders."

Generally, "a trial court's judgment becomes final thirty days after its entry unless a party files a timely notice of appeal or specified post-trial motion." *Id*. (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4(a)-(c)); *see also McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn. Ct. App. 1991). Before that time, the judgment lies "within the bosom of the court" and "may be set aside or amended on motion of a party or upon the court's own motion." *McBurney*, 816 S.W.2d at 34. It is in this slightly different, but substantially related, sense of a final judgment in which the doctrine of *res judicata* is implicated here. This Court has referred to this as the concept of "final completion." *Swift v. Campbell*, 159 S.W.3d 565, 573 (Tenn. Ct. App. 2004); *see also* Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 27:9 n. 22 (2010). In this sense, then, a judgment may be considered "final" in order to confer jurisdiction on an appellate court pursuant to Tennessee Rules of Appellate Procedure Rule 3(a), while not being "final" for purposes of *res judicata* because such an appeal is pending.

This is, in fact, the rule in Tennessee, where a " 'a judgment is not final and *res judicata* where an appeal is pending.' " *Creech*, 281 S.W.3d at 377-78 (quoting *McBurney*, 816 S.W.2d at 34); *see also Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 913 (Tenn. 2000). Our Supreme Court, citing the Restatement (Second) of Judgments § 13 cmt. f, has noted that Tennessee's rule is a minority position and that the predominant view in other jurisdictions is that the "taking of an appeal does not affect the finality of a judgment for *res judicata* purposes." *Creech*, 281 S.W.3d at 378 n. 17 (collecting cases from other jurisdictions). However, it is an inescapable conclusion that, in Tennessee, a judgment from a case in which an appeal is pending is not final and cannot be *res judicata* until all appellate remedies have been exhausted.

*In re Shyronne D.H.*, No. W2011-00328-COA-R3-PT, 2011 WL 2651097, at *6 (Tenn. Ct. App. July 7, 2011), *no appl. perm. appeal filed* (footnote omitted).

On May 7, 2020, the Trial Court denied Plaintiff's motions to alter or amend. Plaintiff filed his amended complaint on June 8, 2020, within the time for appeal (the thirty-day mark landed on a Saturday; the amended complaint was filed that Monday). For this thirty-day period, the Trial Court's order remained non-final and 'within the bosom of the court,' thus subject to change or appeal. As was the scenario in *Justice*, Plaintiff's timely filing of an amended complaint when no responsive pleading was filed had the effect of keeping the case alive in the Trial Court. However, in the present case, the Trial Court

never ruled on Plaintiff's amended complaint. Therefore, we lack a final judgment and, consequently, subject matter jurisdiction to hear this appeal.

In his reply brief, Plaintiff states that his filing an amended complaint after the order of dismissal was entered effectively erased the Trial Court's order of dismissal. We disagree. The order of dismissal remains as valid as before as to the original complaint. Nevertheless, Plaintiff's amended complaint remains outstanding and must be addressed.

We prefer to address appeals on their merits. Nevertheless, a final judgment generally is a prerequisite for an appeal as of right. Because the order appealed from is not a final judgment, this Court does not have subject matter jurisdiction, and the appeal is dismissed.

## **Conclusion**

The appeal is dismissed for lack of a final judgment, and this cause is remanded to the Trial Court for collection of the costs below and further proceedings consistent with this Opinion. Even though it is Appellant who raised the issue of whether there was a final judgment for purposes of appeal, it is the Appellant's appeal that is being dismissed. Therefore, the costs on appeal are assessed against the Appellant, Loring Justice, individually and as next friend of N.N./N.J., a minor, and his surety, if any.

s/ D. Michael Swiney
D. MICHAEL SWINEY, CHIEF JUDGE