IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 1, 2022

**LORI S. FERNANDEZ v. TENNESSEE DEPARTMENT OF REVENUE**

**Appeal from the Circuit Court for Davidson County**
**No. 21c442   Thomas W. Brothers, Judge**

_____

**No. M2021-01417-COA-R3-CV**

_____

Lori S. Fernandez ("Appellant") was employed by the Tennessee Department of Revenue from 2014 until March 6, 2020, when she resigned. Following her resignation, Appellant sued the Department and several of its employees (the "Appellees") for various causes of action including, *inter alia*, racial and disability discrimination. Appellees filed a motion to dismiss which the trial court granted. Thereafter, Appellant filed a Tenn. R. Civ. P. 59 motion to alter or amend the trial court's order, as well as an amended complaint. The trial court denied the motion to alter or amend and declined to address the outstanding amended complaint. Appellant timely appealed to this court. We conclude that the order appealed from is non-final. Accordingly, this Court lacks subject matter jurisdiction, and the appeal must be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and W. NEAL MCBRAYER, J. joined.

Lori S. Fernandez, White House, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Melissa Brodhag and Shanell L. Tyler, Assistant Attorneys General for the appellees, Tennessee Department of Revenue, David Gerregano, Rosie McClurkan, Kenya Watson, and Genna Preston.

**MEMORANDUM OPINION[1]**

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse

Appellant was employed by the Tennessee Department of Revenue from 2014 through March 6, 2020, when she resigned. On March 5, 2021, Appellant filed a complaint against the Appellees in the Circuit Court for Davidson County (the "trial court"). Appellant alleged causes of action for racial and disability discrimination, retaliation, and malicious harassment under the Tennessee Human Rights Act ("THRA"), the Americans with Disabilities Act ("ADA"), and the Tennessee Disability Act ("TDA"). Appellees did not file an answer but filed a motion to dismiss on April 12, 2021. Appellees asserted that several of Appellant's claims were time-barred by statutes of limitation, that the federal claims were barred by sovereign immunity, and that Appellant failed to state a claim for which relief could be granted because her allegations were conclusory.

The trial court granted Appellees' motion to dismiss on August 19, 2021. Within thirty days of the entry of that order, Appellant filed a motion to alter or amend, as well as her first amended complaint. On October 29, 2021, the trial court entered an order denying Appellant's motion to alter or amend and determining that the first amended complaint was of no "procedural effect":

> In order for a post-judgment amended complaint to have any procedural effect, a Plaintiff must first move the Court to set aside its judgment, and then move the court for leave to amend. *Lee v. State Volunteer Mut. Ins. Co., Inc.*, No. E2002-03127-COA-R3-CV, 2005 WL 123492 at *11 (Tenn. Ct. App. Jan. 21, 2005). Here, Plaintiff has moved the Court to alter or amend its judgment on Defendant's original Motion to Dismiss, however, Plaintiff failed to set a hearing date and this Court never considered the motion nor set aside the prior judgment. Accordingly, the previous judgment of this Court still stands.
>
> Considering Plaintiff's Motion, sua sponte, the Court respectfully DENIES Plaintiff's Motion to Alter or Amend Judgment. Therefore, Plaintiff's First Amended Complaint lacks any procedural effect.

Appellant timely appealed to this Court.

## Issues

Appellant raises two issues in her principal brief, which we have rephrased and consolidated: Whether the trial court erred in determining that Appellant's amended complaint lacked any procedural effect.

---

or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

**Discussion**

This appeal concerns Tenn. R. Civ. P. 15.01 and the trial court's treatment of Appellant's first amended complaint, which was filed post-judgment but prior to the judgment becoming final. Tenn. R. Civ. P. 15.01 provides, as relevant:

> A party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial, the party may so amend it at any time within 15 days after it is served. Otherwise a party may amend the party's pleadings only by written consent of the adverse party or by leave of court; and leave shall be freely given when justice so requires.

This Court recently construed Rule 15.01 under circumstances similar to those in the case at bar. In *Justice v. Nordquist*, No. E2020-01152-COA-R3-CV, 2021 WL 2661008 (Tenn. Ct. App. June 29, 2020), the plaintiff sued a psychologist for various causes of action related to the psychologist's treatment of the plaintiff's son during the course of the plaintiff's divorce. The psychologist did not file an answer to the original complaint but did file a motion to dismiss for failure to state a claim for which relief may be granted. *Id.* at *1; *see also* Tenn. R. Civ. P. 12.02. Among other things, the psychologist argued that he was immune from liability for statements made during judicial proceedings, that the plaintiff lacked standing, and that the applicable statutes of limitation and repose had passed. *Id.* The trial court entered an order granting the motion to dismiss on February 28, 2020. *Id.* at *2. The plaintiff then filed motions to alter or amend, which were denied on May 7, 2020. *Id.* On June 8, 2020, the plaintiff filed his first amended complaint. *Id.* Several months later, the plaintiff filed a motion for default because the first amended complaint was still unanswered. *Id.* While the defendant psychologist responded to the first amended complaint with a motion to dismiss, the motion was never ruled on, and the plaintiff "filed his Notice of Appeal with this Court 'out of an abundance of caution' as he put it in his appellate brief." *Id.*

On appeal, the seminal issue was whether this Court had jurisdiction, insofar as the first amended complaint was not addressed in the lower court.[2] *Id.* We determined that because the defendant psychologist never filed a responsive pleading to the original complaint, the plaintiff's right to file his first amended complaint remained intact while the

---

[2] In civil cases, "an appeal as of right may be taken only after the entry of a final judgment." *In re Est. of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (citing Tenn. R. App. P. 3(a)). A final judgment adjudicates all "claims, rights, and liabilities of all the parties," *Discover Bank v. Morgan*, 363 S.W.3d 479, 488 n.17 (Tenn. 2012), and "resolves all the issues in the case, leaving nothing else for the trial court to do." *Est. of Henderson*, 121 S.W.3d at 645. When an order is non-final, this Court lacks subject matter jurisdiction to review it. *See id.*

trial court's judgment was still non-final. As *Justice* is highly analogous to the present case, we quote it at length:

Plaintiff contends that, as Defendant never filed a responsive pleading to his original complaint, he had an absolute right to file an amended complaint notwithstanding that the Trial Court already entered an order of dismissal as to his original complaint. In support of his contention, Plaintiff cites *Justice v. Nelson*, No. E2018-02020-COA-R3-CV, 2019 WL 6716300 (Tenn. Ct. App. Dec. 10, 2019), *no appl. perm. appeal filed*, incidentally another case involving Plaintiff. In *Justice*, the trial court granted defendants' motion to dismiss plaintiff's complaint. *Id.* at \*1. Thirty days later, plaintiff filed an amended complaint. *Id.* Acknowledging the legitimacy of this procedural move, we noted:

On September 4, 2018, the trial court entered an order clarifying that "Mr. Justice filed a First Amended Complaint not a motion to be allowed to file an amended complaint." (Emphasis in original.) The court was reminding defendants that "[a] party may amend the party's pleadings once as a matter of course at any time before a responsive pleading is served[.]" *See* Tenn. R. Civ. P. 15.01; *see also Adams v. Carter Cty. Memorial Hosp.*, 548 S.W.2d 307, 308-09 (Tenn. 1977) (holding that the plaintiff could file an amended complaint as a matter of course after the trial court granted the defendants' motion to dismiss and before that order of dismissal became a final judgment). Despite finding that "[t]here was never a motion to dismiss the amended complaint[,]" the trial court ruled that "[t]he response to the amended complaint reads like a motion to dismiss and the Court will consider it a motion to dismiss." The court also requested additional briefing on the issue.

*Justice*, 2019 WL 6716300, at \*1. The trial court dismissed the lawsuit. *Id.* at \*2. On appeal, we held that defendants' response to plaintiff's amended complaint was not a motion to dismiss in form or in substance, and that the trial court erred in effectively dismissing the amended complaint *sua sponte* without adequate justification. *Id.* at \*3, 5. For purposes of the instant case, however, the main point from *Justice* is that this Court has recognized a scenario in which a party may file an amended complaint to continue her case even though the trial court already has dismissed her original complaint if no responsive pleading to the original complaint was filed and the order of dismissal has not become final. The first consideration in this scenario is whether a responsive pleading has been filed. Here, Defendant filed only a motion to dismiss; he never filed an answer. Regarding the effect this has on a plaintiff's ability to amend her complaint, this Court has stated: "[A]

- 4 -

plaintiff must seek permission from the court to file an amended complaint only when a responsive pleading has been filed. It is well-settled in Tennessee that a motion to dismiss is not a responsive pleading." *Mosley v. State*, 475 S.W.3d 767, 774 (Tenn. Ct. App. 2015) (citations omitted). Defendant's Motion to Dismiss and to Strike the Complaint does not constitute a responsive pleading. The next consideration is whether Plaintiff's amended complaint was timely filed before the order of dismissal became final. Regarding the different senses in which a judgment may be deemed "final," this Court has stated:

> Generally, "a trial court's judgment becomes final thirty days after its entry unless a party files a timely notice of appeal or specified post-trial motion." *Id.* (citing *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4(a)-(c)); *see also McBurney v. Aldrich*, 816 S.W.2d 30, 34 (Tenn. Ct. App. 1991). Before that time, the judgment lies "within the bosom of the court" and "may be set aside or amended on motion of a party or upon the court's own motion." *McBurney*, 816 S.W.2d at 34. It is in this slightly different, but substantially related, sense of a final judgment in which the doctrine of *res judicata* is implicated here. This Court has referred to this as the concept of "final completion." *Swift v. Campbell*, 159 S.W.3d 565, 573 (Tenn. Ct. App. 2004); *see also* Lawrence A. Pivnick, *Tennessee Circuit Court Practice* § 27:9 n. 22 (2010). In this sense, then, a judgment may be considered "final" in order to confer jurisdiction on an appellate court pursuant to Tennessee Rules of Appellate Procedure Rule 3(a), while not being "final" for purposes of *res judicata* because such an appeal is pending.

> This is, in fact, the rule in Tennessee, where a "'a judgment is not final and *res judicata* where an appeal is pending.'" *Creech* [*v. Addington*], 281 S.W.3d [363,] . . . 377-78 [(Tenn. 2009)] (quoting *McBurney*, 816 S.W.2d at 34); *see also Freeman v. Marco Transp. Co.*, 27 S.W.3d 909, 913 (Tenn. 2000). Our Supreme Court, citing the Restatement (Second) of Judgments § 13 cmt. f, has noted that Tennessee's rule is a minority position and that the predominant view in other jurisdictions is that the "taking of an appeal does not affect the finality of a judgment for *res judicata* purposes." *Creech*, 281 S.W.3d at 378 n. 17 (collecting cases from other jurisdictions). However, it is an inescapable conclusion that, in Tennessee, a judgment from a case in which an appeal is pending is not final and cannot be *res judicata* until all appellate remedies have been exhausted.

*In re Shyronne D.H.*, No. W2011-00328-COA-R3-PT, 2011 WL 2651097, at \*6 (Tenn. Ct. App. July 7, 2011), *no appl. perm. appeal filed* (footnote omitted).

On May 7, 2020, the Trial Court denied Plaintiff's motions to alter or amend. Plaintiff filed his amended complaint on June 8, 2020, within the time for appeal (the thirty-day mark landed on a Saturday; the amended complaint was filed that Monday). For this thirty-day period, the Trial Court's order remained non-final and 'within the bosom of the court,' thus subject to change or appeal. As was the scenario in *Justice*, Plaintiff's timely filing of an amended complaint when no responsive pleading was filed had the effect of keeping the case alive in the Trial Court. However, in the present case, the Trial Court never ruled on Plaintiff's amended complaint. Therefore, we lack a final judgment and, consequently, subject matter jurisdiction to hear this appeal.

*Justice*, 2021 WL 2661008, at \*3–4.

On appeal, Appellant argues that *Justice* is highly analogous to the present case and that the trial court erred in treating Appellant's first amended complaint as "lack[ing] any procedural effect." On the other hand, Appellees argue that the trial court correctly determined that the judgment of dismissal must have been set aside for the first amended complaint to become operative.

We understand the difficulties created by parties filing an amended complaint post-judgment. Indeed, prior to its amendment in 2009, the federal analog to Rule 15.01 was the same as our current rule regarding amended complaints as of right, and the issue now before us caused confusion amongst the federal courts.[3] Nonetheless, we agree with

---

[3] The commentary to Federal Rule of Civil Procedure 15 provides:

Under the prior version of Rule 15, it was common for plaintiffs to attempt to amend their complaints "as of right" after the court had granted a motion to dismiss under Rule 12(b)(6). Technically, the window for the amendment was still open because the defendant had not yet answered (under the old rule, only the filing of an answer closed the time to amend as of right), but courts understandably puzzled over whether an amendment as of right was appropriate under those circumstances. Under the old scheme, some cases asserted that the right to amend once as a matter of course terminated upon dismissal. Some decisions seemed to say that the right to amend once as a matter of course continued but that the court nevertheless could deny the amendment if it would be futile. Other decisions held that the right to amend once as a matter of course continued during the period between when the court granted the motion to dismiss and when the court entered final judgment. Regardless of which approach applied, however, once the court entered final judgment, the party seeking to amend needed to seek post-judgment relief under Rule 59 or Rule 60.

Appellant that there is no meaningful difference in this case and *Justice*. 2021 WL 2661008. Rule 15.01 unequivocally provides that a complaint may be amended "once as a matter of course at any time before a responsive pleading is served." Tenn. R. Civ. P. 15.01. And this Court made clear in *Justice* that the rule contemplates post-judgment first amended complaints when two criteria are satisfied: 1) no responsive pleading has been filed, and 2) the first amended complaint is filed within thirty days of the entry of the judgment, such that the judgment is not yet final and still "within the bosom" of the trial court. 2021 WL 2661008, at *3 (quoting *In re Shyronne D.H.*, 2011 WL 2651097, at *6).

Appellees argue that *Justice* is distinguishable from the present case, and that *Carson v. Daimlerchrysler Corp.*, No. W2001-03088-COA-R3-CV, 2003 WL 1618076 (Tenn. Ct. App. Mar. 19, 2003), is actually controlling. In *Carson*, a Chrysler customer filed suit against the company over an allegedly defective vehicle. *Id.* at *1. She alleged causes of action for unjust enrichment, indemnity, breach of warranty and violations of the Tennessee Consumer Protection Act, and requested plaintiff class certification. *Id.* There were no allegations in the plaintiff's complaint that she was actually injured as a result of her car's defects. *Id.* DaimlerChrysler moved to dismiss for lack of subject matter jurisdiction. *Id.* The trial court "dismissed the cause of action for mootness and based on the primary jurisdiction doctrine. The trial court further addressed [the plaintiff's] substantive claims and awarded DaimlerChrysler's motion to dismiss for failure to state a claim." *Id.* Although the timeline is not entirely clear from the opinion, at some point following entry of the judgment, the plaintiff sought leave to amend her complaint to add another plaintiff to the suit. *Id.* at *5. The trial court did not allow the amendment, which the plaintiff challenged on appeal. *Id.* This Court agreed with the trial court, explaining that a court's decision to deny leave to amend is discretionary, but is "tempered by the Tennessee Rules of Civil Procedure, which provide that leave to amend shall be freely given when justice so requires." *Id.* (citing Tenn. R. Civ. P. 15.01). The *Carson* court noted that "[s]ome of the factors to be considered by the court in considering a motion to amend include: undue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing *Merriman v. Cont'l Bankers Life Ins. Co.*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979)). The court ultimately held that justice did not require "the trial court to grant [the plaintiff's] *post-judgment* motion to amend the complaint to add an additional plaintiff[,]" explaining that "[i]n order to take further action on this case, including granting [the plaintiff's] requested motion to amend, the trial court would first have had to set aside or vacate its final order dismissing the cause of action." *Id.* As "there was no basis to vacate the court's judgment dismissing this case[,]" we upheld the trial court's ruling. *Id.*

_____

Because the new version of Rule 15(a) cuts off the ability to amend as of right 21 days after service of a Rule 12(b)(6) motion, this particular problem is not likely to occur.

Fed. R. Civ. P. 15.01, Rules and Commentary (Feb. 2022 Update) (footnotes omitted).

The circumstances of this case are more analogous to *Justice* than they are to *Carson*. Indeed, procedurally, the case before us is almost indistinguishable from *Justice*. While in *Carson* the issue on appeal was whether the trial court erred in denying the plaintiff's motion for leave to amend, here, *Justice* tells us that Appellant was not required to seek leave to amend because no responsive pleading was ever filed by Appellees. 2021 WL 2661008, at *4. The analysis employed in *Carson* is inapposite, then, insofar as the factors regarding whether leave to amend should be granted do not apply to a first amended complaint filed as a matter of right. *Id.*

Appellees also suggest that the present case is different from *Justice* because Appellees sought dismissal for reasons other than Appellant's failure to properly state claims, such as immunity and statutes of limitation. As such, Appellees note that amendment would be futile. This was also true in *Justice*, as the defendant in that case sought dismissal based on statutes of limitation and repose, and on the basis that statements made during the course of judicial proceedings are shielded by immunity. *Id.* at *1. Futility of amendment played no role in our analysis in *Justice* because the amended complaint at issue was a first amended complaint, filed as a matter of right prior to service of a responsive pleading. Nor did it matter in *Justice* that the plaintiff attempted, unsuccessfully, to have the judgment of dismissal altered or amended pursuant to Rule 59. *Id.* at *2.

Again, while we are cognizant of the practical issues created by *Justice v. Nordquist*, the present case is highly analogous, and a plain reading of Tenn. R. Civ. P. 15.01 is congruous with *Justice*. *See Fair v. Cochran*, 418 S.W.3d 542, 543 (Tenn. 2013) (noting that "the rules of statutory construction guide" interpretation of the Rules of Civil Procedure, and that "if the language is unambiguous, we simply apply the plain meaning of the words used"). Further, Appellant has appropriately raised this issue in her principal brief. Under these circumstances, we conclude that the trial court erred in determining that Appellant's first amended complaint "lacks any procedural effect." As we did in *Justice*, we must conclude that the outstanding first amended complaint renders this an appeal from a non-final order, meaning this Court lacks subject matter jurisdiction, and the appeal must be dismissed.

## Conclusion

This Court lacks subject matter jurisdiction over this appeal, and the appeal is dismissed. This case is remanded to the Circuit Court for Davidson County. Costs of this appeal are taxed to the Appellees.

_____
KRISTI M. DAVIS, JUDGE