IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 18, 2021 Session

BRETT HANSON ET AL. V. SARAH J. LEVAN ET AL.

Appeal from the Circuit Court for Knox County
No. 3-535-16        Deborah C. Stevens, Judge

_____

No. E2020-01581-COA-R9-CV
_____

In this healthcare liability action, the plaintiff sued several medical professionals and facilities. Following an amended complaint, which had removed multiple parties from the action, the remaining defendants filed their answer to the amended complaint that included allegations of comparative fault against a doctor that the plaintiff had removed as a party to the action in the amended complaint. The defendants did not file a certificate of good faith in compliance with Tennessee Code Annotated § 29-26-122, which is required when a defendant alleges comparative fault against a "non-party." Following a motion by the plaintiff, the trial court entered an order striking the defendants' allegations of comparative fault. The trial court further found that the defendants had not demonstrated good cause to support an extension of time to file a certificate of good faith. Discerning no error, we affirm.

Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court
Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

Hanson R. Tipton and Courtney E. Read, Knoxville, Tennessee, for the appellants, Sarah J. Levan and Summit Medical Group, PLLC.

Robert E. Pryor, Jr., Knoxville, Tennessee, for the appellee, Brett Hanson, individually, as next of kin to Tobi Lynn Hanson (deceased), and on behalf of Kenley Hanson (a minor).

# OPINION

## Background

This action involves the medical care received by Tobi Lynn Hanson ("Decedent"). Brett Hanson, individually, as next of kin to Decedent, and on behalf of Kenley Hanson (a minor) ("Plaintiff") alleged in his complaint that Decedent had been medically treated by Spencer Adoff, MD, in the emergency department at the University of Tennessee Medical Center for leg pain. Dr. Adoff was an independent contractor of Southeastern Emergency Physicians. Decedent was treated a few days later by Sarah J. Levan at Summit Medical Group, PLLC. Sarah J. Levan is a family nurse practitioner employed by Summit Medical Group, PLLC, and at times practices under the guidance and supervision of Brian T. Mosrie, MD. It is disputed as to what Decedent was treated for while at Summit Medical Group, PLLC. Dr. Mosrie approved the course of treatment recommended by Ms. Levan regarding Decedent. Plaintiff alleged that Decedent died approximately a week later in August 2015 of a "pulmonary emboli due to deep venous thrombosis of the leg."

Following Decedent's death, Plaintiff filed a complaint alleging negligence and wrongful death in November 2016, in which he identified the following as defendants to the action: (1) Spencer Adoff, MD; (2) Team Health, Inc.; (3) Sarah J. Levan; (4) Brian T. Mosrie, MD; (5) Summit Medical Group, PLLC; and (6) University Health System, Inc. d/b/a University of Tennessee Medical Center. Plaintiff attached the required pre-suit notice and filed a certificate of good faith with his complaint, which listed multiple defendants in the style of the case including Spencer Adoff, MD. In January 2017, Sarah J. Levan and Summit Medical Group, PLLC (collectively, "Defendants"), as well as Dr. Mosrie, filed a collective answer to the original complaint, in which it included allegations of modified comparative fault. Specifically, Defendants and Dr. Mosrie alleged that the actions of others, "including Plaintiff, [Decedent], other Defendants, and/or other unnamed parties, may have been a proximate or contributing cause to any injuries allegedly suffered," that such fault should be considered by the jury, and that any award against Defendants and Dr. Mosrie should be reduced by these other parties' degree of fault.

Plaintiff subsequently dismissed all claims against Team Health, Inc., and substituted Southeastern Emergency Physicians, LLC, as a party defendant. The Trial Court thereafter granted summary judgment in favor of Southeastern Emergency Physicians, dismissing all claims against it. The parties participated in mediation in January 2019, wherein some issues were settled. Subsequently, Defendants and Dr. Mosrie filed a motion to amend their answer, seeking to modify the paragraph in the complaint alleging comparative fault to specifically identify Dr. Spencer Adoff and University Health Systems, as well as to include Melissa Childress, Decedent's mother and a registered nurse. A hearing date was scheduled on the motion but it was continued by agreement of the

parties. This motion was not addressed by the Trial Court before Plaintiff filed his motion to amend the complaint.

Thereafter, Plaintiff filed a motion to amend the complaint in March 2019, identifying Defendants and Dr. Mosrie as the only remaining defendants. The proposed amended complaint, which was included as an exhibit to the motion, removed the allegations against the other defendants. This motion, accompanied by the proposed amended complaint, included a certificate of service to Defendants' attorney. In June 2019, the Trial Court entered an order allowing Plaintiff to file his amended complaint, upon agreement of the parties and for good cause shown. This order was signed by Plaintiff's attorney on his own behalf and on behalf of Defendants' attorney by permission. Plaintiff attached as exhibits to the amended complaint copies of the original pre-suit notice and the original certificate of good faith that had been filed in November 2016.

While the motion to amend the complaint was pending, the Trial Court entered two orders dismissing the claims against two defendants. In March 2019, an agreed order of dismissal was entered by the Trial Court, which dismissed the action as to Spencer Adoff, MD, with prejudice. This order was signed by respective counsel for Plaintiff and Dr. Adoff, and did not contain a certificate of service to the remaining parties. A scheduling order was subsequently entered identifying as defendants Ms. Levan, Dr. Mosrie, and Summit Medical Group, PLLC. The Trial Court entered the second order of dismissal in May 2019, which involved the defendant, University Health Systems, Inc. This order of dismissal stated that all matters in controversy regarding University Health Systems, Inc. had been resolved and that the action was dismissed with prejudice as to this defendant.

Following the Trial Court's order allowing Plaintiff to amend his complaint, Defendants and Dr. Mosrie filed a collective answer to Plaintiff's amended complaint in July 2019. The answer to the amended complaint included similar allegations regarding comparative fault as in the previous amended answer that never was filed. The answer to the amended complaint included specific allegations of fault against Decedent, Dr. Adoff, University Health Systems, and Ms. Childress. As relevant to Dr. Adoff, this answer included the following:

> Specifically, [Decedent] was seen at University Health Systems on August 1, 2015 by attending physician Spencer Adoff, M.D. for right calf pain. In his evaluation and care of [Decedent], Spencer Adoff, M.D. discontinued a Doppler Lower Extremity ultrasound for [Decedent] ordered by resident Christina Yang, D.O.[1]    To the extent that Dr. Adoff's actions in

---

[1] A separate action was filed against the State of Tennessee, due to the actions of Dr. Christina Yang or other state employees, which was ultimately consolidated with this action. Following consolidation, the

discontinuing the ultrasound and/or failing to diagnose and/or treat [Decedent] for a deep vein thrombosis and/or pulmonary embolism on August 1, 2015 are determined at trial to have violated the applicable standard of care to physicians in the Knox County community and/or proximately caused [Decedent's] injury, fault should be attributed to Dr. Adoff and University Health System.

No certificate of good faith was filed with this answer to the amended complaint.

In December 2019, Defendants filed a notice with the Trial Court that they had served upon Plaintiff their "Rule 26 Disclosures of Expected Expert Witnesses," in which Defendants disclosed that they intended to call an expert witness to testify, in part, regarding the medical care Decedent received when being treated by Dr. Adoff. Plaintiff subsequently filed a motion, requesting that the Trial Court strike Defendants' and Dr. Mosrie's defense of comparative fault and to exclude any expert testimony supporting this defense. In his motion, Plaintiff argued that Defendants and Dr. Mosrie had not filed a certificate of good faith with their answer to the amended complaint, which alleged comparative fault against the non-parties, Dr. Adoff and Ms. Childress.

Defendants and Dr. Mosrie filed a response in opposition to Plaintiff's motion to strike, arguing that Dr. Adoff was not "a 'new' party to this litigation" and that Plaintiff had already filed a certificate of good faith as to Dr. Adoff that arose out of the same factual allegations. Defendants conceded that no certificate of good faith was filed as to Ms. Childress but argued that a certificate of good faith was not necessary "for Dr. Adoff, a party to this action." Alternatively, Defendants requested an extension of time to file a certificate of good faith if such a certificate is required. Defendants' request for an extension of time stated as follows, in its entirety: "Alternatively, should this Court require a Certificate of Good Faith for allegations of comparative fault against Dr. Adoff, these Defendants request that the Court grant leave to these Defendants to submit same within 30 days as provided by Tenn. Code Ann. § 29-26-122(c) for good cause shown."

Defendants attached to their response copies of Plaintiff's original certificate of good faith and various emails concerning the case. The Trial Court noted that Plaintiff also submitted a "complete copy" of the emails as an exhibit at the motion hearing. The Trial Court summarized those emails as follows:

> The Court also notes that there were a series of email communications between the filing of the Motion to Amend Answer filed on January 1, 2019 related to having the motion set for a hearing. The motion to file an amended

Trial Court granted summary judgment in favor of the State of Tennessee and dismissed with prejudice all claims against the State of Tennessee.

- 4 -

answer was originally set on February 22, 2019 and Plaintiff's counsel requested that it be rescheduled, and defense counsel agreed to reset on March 29, 2019. On March 25, 2019, Plaintiff's counsel sent an email indicating that he had an opportunity to go out of town on Friday the 29th with his son and was checking to see if they could reschedule or work out an agreed order. On March 25, Defense counsel indicates that he has no problem working things out and wants to know if Plaintiff is opposing his motion to amend his answer. Thereafter, on March 25, Plaintiff's counsel indicates that he has filed a motion to amend as well. The email further states "I figure if you don't oppose mine, you will get to answer the amended complaint and won't need to amend." Defense counsel responds that he has not seen the Plaintiff's motion to amend and asks him to email a copy. On March 27, there is email communication in which Plaintiff's counsel asks defense counsel if they will enter an "agreed order on the [plaintiff's] amendments so [defendants] can go ahead and answer." Thereafter, there are discussions regarding a new trial date and on April 5, 2019, defense counsel advises Plaintiff's counsel that they can enter an agreed order on the motion to amend the complaint.

It is also noted that in the emails attached to Defendants' response in opposition to the motion to strike, Exhibit 7 is a copy of emails between Defendants' counsel and defense counsel for Dr. Adoff on July 8, 2019. Counsel for Levan, Mosrie and Summit is asking counsel for Dr. Adoff if an order was ever entered dismissing Dr. Adoff. Counsel responds that the order dismissing Dr. Adoff was sent to the Court on March 20, 2019, but they will follow up to see if the Order was entered.

(Footnote and other internal citations omitted.) While Plaintiff's motion to strike was pending, Plaintiff filed a notice of voluntary dismissal as to Brian T. Mosrie, MD, in February 2020, which was followed by a court order dismissing the action against Dr. Mosrie without prejudice.

The Trial Court entered its order in March 2020, granting Plaintiff's motion to strike Defendants' allegations regarding comparative fault. The Trial Court determined that Dr. Adoff was not a party to the action when Defendants filed their answer to the amended complaint and that a certificate of good faith was necessary. Following its analysis of relevant statutory law, the Trial Court stated as follows in its written order:

There is no question that a certificate of good faith was not filed with the Defendants' answer to the amended complaint and there was no certificate of good faith filed within thirty (30) days of the filing of the

amended answer. There is also no assertion that the certificate of good faith could not be filed because medical records were withheld.

Defendants argue that it was unnecessary for them to file a certificate of good faith because they filed a motion to amend their answer to the original complaint while Dr. Adoff was a named party. They argue that the motion to amend was never heard and, therefore it is still pending. They assert that they are entitled to rely on Plaintiff's certificate of good faith. Defendant states: "Plaintiff's decision to dismiss Dr. Adoff through an Agreed Order of Dismissal with Prejudice entered by this Court on March 25, 2019, nearly two months after these Defendants filed their Motion to Amend Answer, cannot operate to negate the Certificate of Good Faith Plaintiff had previously filed or the allegations of comparative fault against Dr. Adoff contained in these Defendants' Answer and the Motion to Amend Answer filed by these Defendants previously."

As indicated, our Supreme Court in addressing the requirement of a Certificate of Good Faith has consistently indicated that the use of the word "shall" is mandatory. Tenn. Code Ann. §29-26-122(b) uses the word "shall" in respect to the need for a defendant to file a certificate of good faith. Additionally, subsection (b) specifically addresses the issue of comparative fault in "an answer or amended answer". The Defendants in this case are correct, insofar as there was not a requirement to file a certificate of good faith with their original answer or in the motion to amend the answer to the original complaint because Dr. Adoff was a defendant and not a "no[n]-party".

However, it is equally clear that when the order was entered granting the Plaintiff permission to file an Amended Complaint, the nature of the proceedings changed. It is clear from the Amended Complaint that the Plaintiff was only asserting allegations against Levan, Mosrie and Summit. An "amended complaint", complete without adoption or reference to the original, supersedes and destroys the original as a pleading. On the other hand, an "amendment" to a complaint merely modifies the complaint which remains before the court as modified. *McBurney v. Aldrich*, 816 S.W.2d 30, 33 (Tenn. Ct. App. 1991) citing *Louisville & N.R. Co. v. House*, 56 S.W. 836 (Tenn. 1900). An amended complaint supersedes the original complaint, rendering it of no legal effect, unless the amended complaint specifically refers to or adopts the original.

Having reviewed the Amended Complaint filed pursuant to the Order of June 24, 2019, this Court finds that this is a true amended complaint, and

- 6 -

as such, supersedes and destroys the original pleading. There is no reference or incorporation of the original complaint. At that point, Dr. Adoff is a non-party.

Once the order was entered granting relief to file the Amended Complaint, the motion to amend the answer to the original complaint became moot. The Defendants had an obligation to file an answer to the Amended Complaint which they did on July 11, 2019. There can be no doubt that the Defendants were aware that Dr. Adoff was no longer a party to the action at the time they filed the Answer to the Amended Complaint. The Amended Complaint makes no reference to Dr. Adoff. Even if counsel did not receive a copy of the Order dismissing Dr. Adoff, it is clear from the email communications of July 8, 2019 that counsel for the named defendants was aware that Dr. Adoff was being dismissed. When the Answer to the Amended Complaint was filed on July 11, 2019, Tenn. Code Ann. § 29-26-122(c) gave the Defendants thirty (30) days to file a certificate of good faith in compliance with the same requirements that the Plaintiff must follow in §29-26-122(a). Both must be filed on the form developed by administrative office of the courts to effectuate the purpose of the statute. Tenn. Code Ann. § 29-26-122(d)(5). In this case, the Defendants did not file the required certificate of good faith by August 11, 2019. The certificate of good faith is mandatory and strict compliance is required. *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012).

\* \* \*

Although [*Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300 (Tenn. 2012), *Sirbaugh v Vanderbilt University*, 469 S.W.3d 46 (Tenn. Ct. App. 2014), and *Dotson v. State*, No. E2019-00325-COA-R9-CV, 2019 WL 6523164 (Tenn. Ct. App. Dec. 3, 2019)] address the plaintiff's compliance with a certificate of good faith, a reasonable interpretation of these cases and other similar cases applying the requirements of Tenn. Code Ann. § 29-26-122, clearly establish that the certificate of good faith must be filed, it must be a separate document and it must contain the language in the statute. Failure to comply with the directives of the statute is fatal. Section 29-26-122(b) clearly requires . . . the Defendant to file a certificate of good faith within thirty (30) days of filing an amended answer and asserting the fault of a non-party. There is nothing in the statute from which one could infer a legislative intent that this requirement would only apply to non-parties who had never been parties to the litigation.

While this Court recognizes the severity of the application insofar as the Defendants' comparative fault allegation may be stricken, the statute and the case law make it clear that the Defendants were required to file a certificate of good faith within thirty (30) days of filing their answer to the amended complaint asserting the comparative fault of Dr. Adoff who was no longer a party to the action. Defendants cannot rely on the certificate of good faith filed by the Plaintiff or the disclosure of their expert witness because the statute requires that the "defendant or defendant's counsel shall file a certificate of good faith" in the form required by the statute within thirty (30) days of filing the answer to the amended complaint asserting the comparative fault of a non-party.

(Internal footnote and citations omitted.)

Upon its determination that Defendants had not complied with Tennessee Code Annotated § 29-26-122, the Trial Court then considered whether good cause was shown to allow Defendants an extension of time to file their certificate of good faith. In its order, the Trial Court recognized that Defendant had stated "no specific reasons" to support their argument that good cause existed and presumed that Defendants' argument was on the basis that they believed no certificate of good faith was necessary. The Trial Court found that Defendants had failed to demonstrate that good cause existed to support an extension of time to file their certificate of good faith. Defendants subsequently filed a motion for interlocutory appeal with the Trial Court, which was granted. Defendants thereafter filed an application for permission to appeal to this Court, pursuant to Tennessee Rule of Appellate Procedure 9, which was granted by this Court in December 2020.

**Discussion**

This Court granted Defendants' Rule 9 application for permission to appeal, identifying the following issues for appeal as certified by the Trial Court:

1. Whether the Defendants (who originally asserted comparative fault "against the other defendants" in their original Answer to the Original Complaint) were required to file a new certificate of good faith to support the allegations of comparative fault against former party, Dr. Adoff, upon the filing of Plaintiff's Amended Complaint after Dr. Adoff had been dismissed, where Plaintiff possessed a certificate of good faith supporting a cause of action against Dr. Adoff which was attached to the original complaint.

2. Even if the Defendants were required to file their own certificate of good faith as to Dr. Adoff within thirty (30) days of filing their Answer to the Amended

- 8 -

Complaint, whether good cause existed for an extension of time for the Defendants to file such certificate of good faith under the circumstances.

This appeal involves an issue concerning statutory construction. As our Supreme Court has instructed:

> Issues of statutory construction present questions of law that we review de novo with no presumption of correctness. *Martin v. Powers*, 505 S.W.3d 512, 518 (Tenn. 2016). The primary goal of statutory interpretation is to carry out legislative intent without expanding or restricting the intended scope of the statute. *State v. Smith*, 484 S.W.3d 393, 403 (Tenn. 2016) (citations omitted). In determining legislative intent, we first must look to the text of the statute and give the words of the statute "their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012) (citations omitted). When a statute's language is clear and unambiguous, we enforce the statute as written; we need not consider other sources of information. *Frazier v. State*, 495 S.W.3d 246, 249 (Tenn. 2016). We apply the plain meaning of a statute's words in normal and accepted usage without a forced interpretation. *Baker v. State*, 417 S.W.3d 428, 433 (Tenn. 2013). We do not alter or amend statutes or substitute our policy judgment for that of the Legislature. *Armbrister v. Armbrister*, 414 S.W.3d 685, 704 (Tenn. 2013).

*Coleman v. Olson*, 551 S.W.3d 686, 694 (Tenn. 2018).

The statute at issue that we must interpret is Tennessee Code Annotated § 29-26-122, which provides as follows in pertinent part:

> (b) Within thirty (30) days after a defendant has alleged in an answer or amended answer that a non-party is at fault for the injuries or death of the plaintiff and expert testimony is required to prove fault as required by § 29-26-115, each defendant or defendant's counsel shall file a certificate of good faith . . . .

> (c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice. The failure of a defendant to file a certificate of good faith in compliance with this section alleging the fault of a non-party shall, upon motion, make such allegations subject to being stricken with prejudice unless the plaintiff consents to waive compliance with this section. If the allegations are stricken, no defendant, except for a defendant who complied with this

section, can assert, and neither shall the judge nor jury consider, the fault, if any, of those identified by the allegations. The court may, upon motion, grant an extension within which to file a certificate of good faith if the court determines that a health care provider who has medical records relevant to the issues in the case has failed to timely produce medical records upon timely request, or for other good cause shown.

Tenn. Code Ann. § 29-26-122 (2012).

On appeal, Defendants argue that they were not required to file a certificate of good faith concerning Dr. Spencer Adoff because Plaintiff already had filed a certificate of good faith that included Dr. Adoff with the initial complaint and Defendants had maintained allegations of comparative fault against Dr. Adoff throughout the proceedings.[2] According to Defendants, the allegations they had made against Dr. Adoff were "nearly identical" to the allegations made by Plaintiff in their original complaint. Defendants therefore argue that there were "not any new claims against a new non-party health care provider that would require the filing of an additional certificate of good faith." We, as did the Trial Court, disagree with Defendants' argument that they were not required to file a certificate of good faith with their answer to the amended complaint when it included claims of comparative fault against a medical professional who was no longer a party to the action.

Upon our analysis of Tennessee Code Annotated § 29-26-122, we determine that the statute is clear and unambiguous. Pursuant to subsection (b), a defendant must file a certificate of good faith within thirty days of filing an answer if he or she alleges that "a non-party" is at fault for the plaintiff's injuries or death and an expert witness would be required to prove such fault. We find no ambiguity in that requirement or the term "non-party." Although not statutorily defined, a "non-party" is simply an individual or entity that is not a party to the action. *See Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 81 (Tenn. 1996) ("The designation 'nonparty' . . . is not a term of art; it means 'not a party.'").

At least as to a plaintiff's compliance, Tennessee Courts have held that the requirement to file a certificate of good faith, pursuant to Tennessee Code Annotated § 29-26-122, is mandatory and requires strict compliance, not substantial compliance. *See Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 310 (Tenn. 2012) ("Because these requirements are mandatory, they are not subject to satisfaction by substantial compliance."); *Sirbaugh v. Vanderbilt Univ.*, 469 S.W.3d 46, 51 (Tenn. Ct. App. 2014) ("Our Supreme Court in *Myers* has opined that the filing of a certificate of good faith with a complaint is mandatory, and strict compliance is required."). Unless a plaintiff waives the requirement, it is also mandatory for a defendant to file a certificate of good faith when

---

[2] Defendants also alleged comparative fault concerning the actions of Decedent's mother, Ms. Childress; however, Defendants have stated in their brief that those allegations of fault are not at issue in this appeal.

making comparative fault allegations against a non-party if expert testimony will be required. *See* Tenn. Code Ann. § 29-26-122(b) (stating that a defendant making comparative fault allegations against a non-party "***shall*** file a certificate of good faith" within thirty days (emphasis added)). Therefore, we hold that a defendant, as does a plaintiff, must strictly comply with the certificate of good faith requirement in Tennessee Code Annotated § 29-26-122 when making comparative fault allegations against a non-party.

Defendants' argument is essentially that Dr. Adoff was not a "non-party" because Plaintiff had made allegations against him and filed a certificate of good faith concerning Dr. Adoff with the original complaint. However, at the time the amended complaint was filed, Dr. Adoff was not a party to the action. Defendants agreed to allowing Plaintiff to file the amended complaint and were provided notice of the amended complaint, which removed Dr. Adoff as a party to the action. When filing their answer to the amended complaint, Defendants clearly had notice that Dr. Adoff was no longer a party to the action. The amended complaint, the specific document to which Defendants were answering, had removed Dr. Adoff as a party to the action.

When Dr. Adoff was removed as a party in the amended complaint, Plaintiff not only no longer had any burden of proving liability on the part of Dr. Adoff, it would be against Plaintiff's interest to do so. At the time Defendants filed their answer to the amended complaint alleging comparative fault, the sole burden of establishing any fault by Dr. Adoff, a non-party, was with Defendants. In order to strictly comply with Tennessee Code Annotated § 29-26-122, Defendants had to file a certificate of good faith following their answer to the amended complaint concerning their allegations against Dr. Adoff within thirty days. They did not do so.

Subsection (c) provides the consequences for a defendants' failure to comply with subsection (b) and states that unless the plaintiff waives compliance, a defendant's allegations of comparative fault are subject to being stricken with prejudice if a motion is filed. *See* Tenn. Code Ann. § 29-26-122 (2012). If such allegations are stricken, the defendant who failed to comply may not assert those allegations of fault to be considered by the court or a jury. *Id.* We recognize the harsh results stemming from section 29-26-122, but the statutory requirements for a defendant are as clear as they are for a plaintiff. Just as these healthcare liability statutes often have been a technical trap for plaintiffs, these harsh results also apply to defendants who fail to comply with the mandatory requirements of Tennessee Code Annotated § 29-26-122. In this case, we find and hold, as did the Trial Court, that Defendants did not comply with the requirements of Tennessee Code Annotated § 29-26-122 by filing a certificate of good faith to support their comparative fault allegations. Therefore, Defendants' comparative fault allegations were subject to being stricken with Plaintiff's motion to strike.

Defendants further argue that even if they were required to file their own certificate of good faith with their answer to the amended complaint, good cause existed for an extension of time to allow them to file such certificate due to the "reasonable confusion in the law." Tennessee Code Annotated § 29-26-122(c) allows the trial court to grant an extension of time within which the defendant may file a certificate of good faith if, *inter alia*, good cause is shown by the defendant. However, as the Trial Court noted in its judgment, Defendants in their response in opposition to the motion to strike only generally stated the alternative request that the Trial Court should permit the requested extension of time. Defendants provided no reasoning in support of their argument that good cause existed to extend the time for which they could file a certificate of good faith. No argument was presented to the Trial Court concerning an existing "confusion in the law" that is now being argued on appeal. Even if this specific argument had been raised before the Trial Court, we find no merit to Defendants' argument that they should be allowed an extension of time to file their certificate of good faith due to "confusion in the law." As previously addressed in this Opinion, the statute and resulting case law are clear that a certificate of good faith is required by the defendant when alleging the comparative fault of a medical professional who is not a party to the action if expert testimony would be required. We agree with the Trial Court that Defendants had not established that good cause existed sufficient to grant an extension of time to Defendants to file their certificate of good faith.

Therefore, Defendants' failure to comply with Tennessee Code Annotated § 29-26-122 made their comparative fault allegations subject to being stricken with prejudice, pursuant to subsection (c). Plaintiff did not waive this statutory requirement and no good cause existed to extend Defendants' time for filing a certificate of good faith. Upon motion to strike by Plaintiff, the Trial Court ordered that Defendants' allegations in their answer of comparative fault against Dr. Spencer Adoff were to be stricken. Pursuant to Tennessee Code Annotated § 29-26-122(c), Defendants are prohibited from asserting comparative fault allegations against the non-party, Dr. Spencer Adoff. We find no error in the Trial Court's decision to strike Defendants' allegations of comparative fault due to noncompliance with Tennessee Code Annotated § 29-26-122 or its ruling that no good cause existed to allow an extension of time to comply with the statutory requirements. We, therefore, affirm the Trial Court's judgment in its entirety.

## Conclusion

Based on the foregoing, the Trial Court's judgment is affirmed in all respects.  We remand for further proceedings consistent with this opinion.  Costs on appeal are assessed to the appellants, Sarah J. Levan and Summit Medical Group, PLLC.

_____
D. MICHAEL SWINEY, CHIEF JUDGE